Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TINA COLEMAN,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **DANIEL N. GORDON, P.C., AND ASSET** | ) *JURY TRIAL DEMANDED* |
| **ACCEPTANCE, LLC,** | ) |
| | ) |
| Defendants. | ) |

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

Complaint - 1

## PARTIES

4.      Plaintiff, Tina Coleman ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Spokane, and City of Spokane.

5.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person alleged by Defendants to be obligated to pay a debt that was incurred for personal, family, or household purposes.

6.      Defendant, Asset Acceptance, LLC, ("Asset Acceptance"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

7.      Asset Acceptance, LLC is a Delaware limited liability company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).  At all relevant times, Asset Acceptance, LLC, acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8.      Defendant, Daniel N. Gordon, P.C., ("Gordon") is a law office engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).  At all relevant times, Daniel N. Gordon, P.C. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.      Gordon's principal place of business is 4023 W. 1st Avenue, Eugene, Oregon.

10.     Gordon services consumer debt portfolios placed with it for collection by financial institutions and other third parties, on a contingent fee basis.

11.     Gordon and Asset Acceptance (collectively, "Defendants"), contributed to or participated in, authorized, or implemented the policies regarding the acts complained of which caused injuries to Plaintiff.

12.    Gordon and Asset Acceptance combined and concurred with each other in committing the acts complained of.

13.    Gordon and Asset Acceptance acted at all times in concert with, or as principal or agent or employee of the other in a common financial enterprise.

14.    Gordon and Asset Acceptance, in carrying out the acts complained of, were at all relevant times acting within the scope, purpose, and authority of such agency, service, or employment.

15.    Gordon and Asset Acceptance acted with the express or implied permission, knowledge, consent, or ratification of each other. Under the FDCPA, Asset Acceptance as a collection agency is vicariously liable for the conduct of Gordon, its collection attorney as its agent. (See e.g. *Newman v. Checkrite California, Inc.,* 912 F. Supp 1354 (E.D. Cal. 1995); *Martinez v. Albuquerque Collection Services*, 867 F. Supp. 1495 (D. N.M. 1994); *Ditty v. CheckRite, Ltd.,* 973 F. Supp. 1320 (D. Utah 1997)).

## FACTUAL ALLEGATIONS

16.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Gordon or Asset Acceptance.

17.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Gordon or Asset Acceptance, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

18.    Gordon and Asset Acceptance use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19.     Asset Acceptance purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

20.     Asset Acceptance acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

21.     Asset Acceptance is thoroughly enmeshed in the debt collection business, and Asset Acceptance is a significant participant in Gordon's debt collection process.

22.     On information and belief, on or about December 19, 2006, Asset Acceptance obtained a judgment against Plaintiff in the District Court for the County of Snohomish, Everett Division, for an alleged debt arising from a Providian credit card account.

23.     Plaintiff does not recognize the alleged credit card debt, has not had a credit card in over a decade, and has not received any credit card billing statements relating to the alleged Providian credit card account.

24.     Plaintiff was never served with the summons and complaint in that action.

25.     Gordon filed a fraudulent proof of service of the summons and complaint in that action, claiming to have served Mr. Gary Coleman at a time and place that it was impossible to have served him.   The Coleman's live in a very secure, gated community, and access to their home is only through an intercom and lock-release system.  On the date of the alleged service, Tuesday, April 25, 2006, no process server attempted to or gained access to their home by intercom and lock-release.  Further, Mr. Coleman was at work until 8 p.m. on the very evening that the process server claims to have served him at home at 7:33 p.m.

26.    Gordon then obtained a default judgment against Plaintiff without notice, and took no action to collect upon it for more than three years.

27.    Plaintiff did not receive notice, and had no knowledge of the December 19, 2006 default judgment until at least October 28, 2009.  Plaintiff did not have any expectation of receiving such notice because she had not owned a Providian credit card, nor had she received any bills, invoices, correspondence or accountings from Providian Bank or any other credit card company.

28.    The first communication Plaintiff received from Defendants was a letter dated October 28, 2009, from Daniel N. Gordon, P.C., which reads in part, as follows:

> Dear Tina C. Coleman:
>
> My client Asset Acceptance, LLC. obtained a judgment against you on December 19, 2006 and is currently pursuing post-judgment collection remedies against you.  The current balance of that judgment is listed below.
>
> Please contact this office as soon as possible to avoid further post-judgment collection activity and arrange a voluntary means of payment.  If you would like to make a payment online via check or credit card please visit www.dgordonpc.com.
>
> This communication is from a debt collector.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.
>
> DANIEL N. GORDON, P.C.

(See Exhibit A, attached).

29.    Gordon did not advise Plaintiff in the October 28, 2009 letter, or in writing within five days of that first communication, of her right to validation and dispute, as required by 15 U.S.C. §1692g.  In fact, Plaintiff has never received an advisement of her §1692g rights from Gordon.

30.    Plaintiff disputed the debt both orally and in writing.  Plaintiff's written dispute and request for validation to Gordon, dated November 23, 2009, is attached as Exhibit B.

31.    Plaintiff never received validation of the debt from Gordon.

32.    On information and belief, no validation documentation exists to show that Plaintiff owes the alleged debt.

33.    Defendants are unable to produce any documentation to show that Plaintiff ever owned or used the alleged credit card, and on information and belief, no credit card contract exists between Plaintiff and the alleged original creditor.

34.    Regardless, Gordon filed an Application for Writ of Garnishment in the District Court for the County of Snohomish, Everett Division.  Gordon did not serve Notice to Plaintiff at her residence address in Spokane.

35.    Plaintiff first received notice of the attempted garnishment in or about March 2010, when she received a copy of her bank's Answer of Garnishee dated February 9, 2010.

36.    Defendants brought a legal action on a debt against Plaintiff in a judicial district other than the judicial district where Plaintiff signed the contract sued upon or the judicial district in which Plaintiff resided at the commencement of the action.   Plaintiff lived in Spokane County at the time of the garnishment filed by Gordon.

37.    Gordon knew that Plaintiff did not live in Snohomish County because Gordon sent the October 28, 2009 letter to Plaintiff prior to the garnishment at her current address in Spokane County.  Gordon also received Plaintiff's dispute letter bearing her current address in Spokane County prior to the garnishment.

38.     Additionally, Gordon knew or should have known that Plaintiff did not sign the contract sued upon in Snohomish County given that the creditor's records for the debt would demonstrate that fact.

39.     Defendants failed to cease collection of a disputed debt until providing validation.  Defendants never provided validation, but proceeded to obtain a garnishment of Plaintiff's bank account regardless.

40.     Plaintiff and her husband, Gary Coleman, have obtained separate counsel to represent them in an application to vacate the default judgment obtained by Defendants, and the District Court for the County of Snohomish, Everett Division, has entered an Order to Show Cause regarding the same.   (*Asset Acceptance LLC v. Coleman*, Case No. C060183).   On information and belief, as of the date of this complaint, due to a discovery dispute pending in that case, the hearing on the Order to Show Cause has not yet been set.

## COUNT I
## VIOLATION OF THE FDCPA, §1692g(a)

41.     Plaintiff repeats and re-alleges each and every allegation set forth above.

42.     Defendants violated 15 U.S.C. §1692g(a), by failing to provide the notices required in §1692g(a) in its initial communication, or in writing within five (5) days thereafter. (Exhibit A).

43.     Defendants further violated 15 U.S.C. §1692g by utterly and completely failing to provide validation upon receipt of Plaintiff's written dispute and request for validation. (Exhibit B).

44.     Defendant Asset Acceptance is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692g(a);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, §1692g(b)

45.     Plaintiff repeats and re-alleges each and every allegation set forth above.

46.     Defendants violated 15 U.S.C. §1692g(b), which provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt,** or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. §1692g(b)(emphasis added).

47.     Plaintiff disputed the alleged debt both orally and in writing.   Defendants violated §1692g(b) by failing to cease to collect the alleged debt until verification was

provided.  Rather, Defendants pursued a writ of garnishment against Plaintiff's bank account without ever having provided verification of the alleged debt.

48.    Defendant Asset Acceptance is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

a)    Adjudging that Defendants violated  15 U.S.C. § 1692g(b);

b)    Awarding  Plaintiff  statutory  damages,  pursuant  to  15  U.S.C.  §1692k,  in  the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)    Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)    Awarding  Plaintiff  any  pre-judgment  and  post-judgment  interest  as  may  be allowed under the law;

f)    Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF THE FDCPA, §1692i(a)(2)

49.    Plaintiff repeats and re-alleges each and every allegation set forth above.

50.    Defendants violated 15 U.S.C. §1692i(a)(2), by bringing a legal action against Plaintiff on a debt in a judicial district other than the judicial district where Plaintiff signed the contract sued upon or the judicial district in which Plaintiff resided at the commencement of the action.

51.    Under  the  §1692i  of  the  FDCPA,  a  debt  collector's  application  for  writ  of garnishment, as an action in enforcement of a previously obtained judgment, falls within the §1692i venue provision. (*Fox v. Citicorp Credit Servs., Inc*., 15 F. 3d 1507 (9th Cir. 1994)).

52.     Defendants knew or should have known that Plaintiff resided in Spokane, Washington at the time it filed the action, because it had sent correspondence to, and received correspondence from Plaintiff at her correct residence address in Spokane, Washington, prior to filing the garnishment action.

53.     Due to Defendants actions in intentionally filing the garnishment proceeding in a distant county and failing to give Plaintiff notice of the same, the first time that Plaintiff became aware of the garnishment proceeding was on or about February 9, 2010.

54.     Defendant Asset Acceptance is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

g)    Adjudging that Defendants violated  15 U.S.C. § 1692i;

h)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)    Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)    Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF THE FDCPA, §1692f**

55.     Plaintiff repeats and re-alleges each and every allegation set forth above.

56.     15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

57.     The FDCPA defines neither the term "unconscionable," nor "unfair." The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose, forbidding such action both generally and in a specific list of disapproved practices. Particular to "unfair or unconscionable means," the FDCPA lists eight specific violations "without limiting the general application" of the statute. 15. U.S.C. § 1692f. As section 1692f of the FDCPA explicitly states, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *See McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006).

58.     15 U.S.C. §1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001). 15 U.S.C. §1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates,* 926 F. Supp. 521, 528 (E.D. Pa. 1996), citing *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991).

**Defendants Violated 15 U.S.C. § 1692f In Seeking Entry Of Judgment Against Plaintiff Absent Necessary And Proper Notice Of The Same**

59.     Defendants utilized unfair or unconscionable means against Plaintiff in connection with an attempt to collect the subject debt in seeking entry of judgment against Plaintiff absent necessary and proper notice of the same.

60.    Sometime prior to December 19, 2006, Gordon issued a summons in connection with a lawsuit initiated collect an alleged debt arising from an alleged Providian credit card account.

61.    Gordon failed to serve Plaintiff with the summons that it issued.

62.    Gordon filed a fraudulent declaration of service stating that its process server had personally served Mr. Gary Coleman at a time and place that it was impossible for him to have been served.

63.    On December 19, 2006, the District Court for the State of Washington for Snohomish County, Everett Division entered an order and judgment against Plaintiff.

64.    Plaintiff was first made aware of the judgment in October 2009, and thereupon informed Gordon that she was unaware of the judgment, and that at no time had she been served with papers relating to Defendants' attempt to enter judgment against her, and in fact she had never owned or used such a credit card.

65.    On or near January 2010, Gordon first filed a writ of garnishment to collect the judgment entered on December 19, 2006.

66.    Gordon failed to serve notice of its application for writ of garnishment upon Plaintiff.

67.    Plaintiff's first notice of the writ of garnishment was when she received a copy of the Answer of Garnishee from her bank, dated February 9, 2010.

**Defendants Violated 15 U.S.C. § 1692f In Purposefully Delaying Efforts To Collect The Subject Debt**

68.    Defendants utilized unfair or unconscionable means against Plaintiff in connection with an attempt to collect the subject debt in purposefully delaying efforts to collect the subject debt.

Complaint - 12

69.     Asset Acceptance purchased a debt allegedly owed by Plaintiff to a third-party creditor sometime prior to 2006.

70.     Not until October of 2009 did the law firm of Daniel N. Gordon, PC, mail Plaintiff notice of the December 2006 default judgment, in attempt to collect the alleged debt from Plaintiff.

71.     In other words, Asset Acceptance waited at least three years to take any action in an attempt to collect the alleged debt owed by Plaintiff.  Interest on the alleged debt accrued during such time.

72.     Asset Acceptance is not entitled to the full amount the interest accrued from 2006 to 2009 where Asset Acceptance purposefully delayed collection efforts, and failed to mitigate resulting damages as required by law.  Notwithstanding, Defendants attempted to collect from Plaintiff the full amount of the interest accrued from 2006 to 2009.

73.     Plaintiff was unduly prejudiced by repeated, unnecessary, and unexplained delays in Defendants' attempts to collect the alleged debt from Plaintiff.

**Defendants Violated 15 U.S.C. § 1692f In Failing To Provide Plaintiff With Notice Of Writ Of Garnishment As Required By Washington Law.**

74. The Revised Code of Washington at section 6.27.130 provides:

> (1) When a writ is issued under a judgment, on or before the date of service of the writ on the garnishee, **the judgment creditor shall mail or cause to be mailed to the judgment debtor**, by certified mail, addressed to the last known post office address of the judgment debtor, (a) a copy of the writ and a copy of the judgment creditor's affidavit submitted in application for the writ, and (b) **if the judgment debtor is an individual, the notice and claim form prescribed in RCW 6.27.140.** In the alternative, on or before the day of the service of the writ on the garnishee or within two days thereafter, **the stated documents shall be served on the judgment debtor** in the same manner as is required for personal service of summons upon a party to an action.

RCW 6.27.130 (Emphasis added).

75.     Plaintiff first received notice of writ of garnishment as a result of a copy of the Answer of Garnishee, mailed to her by Account Services, WSECU, on February 9, 2010, notifying her of an order requiring attachment of funds from her bank account.

76.     Defendants violated RCW 6.27.130 by failing to either mail or personally serve the Plaintiff with a copy of the writ and claim form as required.

77.     Defendant Asset Acceptance is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

a.   Adjudging that Defendants violated 15 U.S.C. § 1692f;

b.   Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c.   Awarding Plaintiff actual damages pursuant to 15 U.S.C. §1692k.

d.   Awarding Plaintiff his reasonable attorneys' fees ands costs incurred in this action;

e.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f.   Awarding such other and further relief as the Court may deem just and proper.

...

...

**TRIAL BY JURY**

78.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 8th day of December, 2010.

<u>s/Jon N. Robbins</u>
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff