Daniel N. Gordon, WSB # 32186
DANIEL N. GORDON, P.C.
4023 West 1st Avenue
PO Box 22338
Eugene, OR 97402
Phone: (541) 342-2276
Fax: (541) 343-8059
dgordonpc@aol.com
Attorney for Defendant Asset Acceptance, LLC

**Oral Argument Requested**

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA COLEMAN,<br><br>                Plaintiff,<br><br>vs.<br><br>DANIEL N. GORDON, P.C., AND ASSET ACCEPTANCE, LLC,<br><br>                Defendants. | Case No. CV-10-428-EFS<br><br>DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE |

Defendant Asset Acceptance, LLC, by and through its attorney, Daniel N. Gordon, submits this Memorandum of Law in opposition to plaintiff's motion to strike.

Plaintiff will number its subdivisions in this memorandum to correspond to plaintiff's numbered subdivisions in her motion to strike.

1.    **LEGAL AUTHORITIES**

    A.    **Federal Rules of Civil Procedure 12(f).**

Motions to strike are highly disfavored by the law and should be rarely granted. As the 6th Circuit Court of Appeals stated in *Brown & Williamson Tobacco Corp. V. United States*, 201 F. 2d 819, 822 (6th Cir. 1953):

> "[I]t is well established that the action of striking a pleading should be sparingly used by the courts. [Citations omitted.] It is a drastic remedy to be resorted to only when required for the purposes of justice. [Citations omitted.] The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." {Citations omitted.]

It is also well established that a motion to strike is inappropriate to correct a failure to

Page 1 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

comply with Fed. R. Civ. Proc. 8 governing rules of pleading. *Myers et al. V. Beckman, et al.*, 1 F.R.D. 99 (U.S. Dis. E. D. Okla. 1940). The motion to strike is for the purpose of eliminating from pleadings redundant, immaterial, impertinent, or scandalous matter. *Id.* Moreover, in *Sample, Jr. V. Gotham Football Club, Inc.*, 59 F.R.D. 160, 168 (U.S. Dist. S.D. N.Y., 1973) the court wrote:

> "In general, motions to strike a defense as insufficient are not favorably regarded by the courts. This is understandable because Rule 12(f) motions are often dilatory. [Citation omitted.] Moreover, fundamental to our federal procedural scheme is the concept that pleadings should be liberally treated. Accordingly, even if a Rule 12(f) motion to strike is granted, **it is generally granted with leave to amend.** [Citations omitted.] [Emphasis supplied.]

### B.     "Fair Notice" and More Than "Bald Assertions" Required.

Plaintiff misstates the holding of *Conley v. Gibson*, 355 U.S. 41, 47, 48 (1957). That case stated:

> "The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefor proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. * * * The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." [Citation omitted.]

*Wyshak v. City Nat'l Bank*, 607 F2d 824 (9th Cir. 1979) refers to the *Conley* case for the standard to be applied to affirmative defenses. In addition, plaintiff cites *Solis v. Zenith Capital, LLC*, 2009 WL 2022343, at 8-19 (N.D. Cal. 2009) for the principle that an affirmative defense with no factual basis should be stricken. However, what the plaintiff fails to point out to the court is that in *Solis* the affirmative defense was stricken with leave to amend.

Moreover, in some cases, merely pleading the name of the affirmative defense is sufficient. *Woodfield, et al. v. Bowman, et al.*, 193 F3d 354, 362 (5th Cir. 1999). "Accord and satisfaction" and "waiver and/or release" falls short of the particulars needed to identify the

Page 2 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W 1st Avenue / P O Box 22338
Eugene, OR 97402
Phone (541) 342-2276   FAX (541) 343-8059

affirmative defense in question, *Id.*, but, for example, pleading "contributory negligence," with nothing further is sufficient. *American Motorists Insurance Co. V. Napoli*, 166 F. 2d 24, 26 (5th Cir. 1948).

Perhaps, one of the best discussions of the pleading requirements for affirmative defenses was given by the court in *Lane v. Page, et al.*, 2011 U.S. Dist. LEXIS 11636 (Dist. N.M. 2011). Because of its encyclopedic reach, defendant Asset Acceptance quotes it extensively as follows (2011 U.S. Dist. LEXIS 11636, pages 6-23:

> "Lane contends that, because the Defendants' affirmative defenses are devoid of factual allegations and assert improper defenses, the Court should strike some of their affirmative defenses in part and require the Defendants to amend their answers. The Defendants respond that rule 8 does not require them to provide factual support for their affirmative defenses and that their answers adequately respond to Lane's TAC [Third Amended Complaint]. The court declines to extend the heightened pleading standard the Supreme Court established in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses pled in answers, because the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses. * * *
>
> "I.  THE COURT DECLINES TO EXTEND THE HEIGHTENED PLEADING STANDARD THE SUPREME COURT ESTABLISHED IN BELL ATLANTIC V. TWOMBLY AND ASHCROFT V. IQBAL TO AFFIRMATIVE DEFENSES.
>
> "Lane contends that the Court should strike some of the Defendants' affirmative defenses, because they do not contain factual allegations. See First Memorandum at 6 ("D.E. Shaw Defendants' affirmative defenses – specifically, affirmative defenses 2-9, 11, 13-16, 18,26-31 -- should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely ."); Lane asserts that this dearth of information leaves him to "guess as to who, What, when, where, why and how each of the ... affirmative defenses applies (if at all). Lane further asserts that the Court should require the Defendants to provide factual support for their affirmative defenses to provide "fair notice to [him] that there is some plausible, factual basis for the assertion[s] and not simply to suggest some possibility that it might apply to the case." * * * Lane argues that, without knowing the factual basis of the Defendants' affirmative defenses, he is forced to incur substantial expense on behalf of the class ferreting out the factual predicate, if any, to the affirmative defenses, in addition to preparing his case for trial on the schedule that the Court established. Under these circumstances, and because "'the decision to grant a motion to strike is within the discretion of the court,'" Lane argues that the Court should strike the factually devoid affirmative defenses from the Defendants' answers and should order them to promptly amend their Answer.
>
> "Lane bases his argument in part on the contention that the Court should apply the heightened pleading standard that the Supreme Court established in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to the Defendants' affirmative defenses. Lane asserts that, while no Courts of Appeals have addressed this

Page 3 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

question, a majority of district courts that have addressed the question extended the heightened pleading standard to affirmative defenses, although a minority have rejected application of a heightened pleading standard to affirmative defenses. Lane asks the Court to adopt the majority position and require that the Defendants provide factual support for their affirmative defenses.

"The Defendants respond that the Court should not extend the Bell Atlantic v. Twombly and Ashcroft v. Iqbal pleading standard to affirmative defenses, or require them to allege facts in support of their affirmative defenses. The Defendants contend that it is reasonable and appropriate for courts to impose different requirements on plaintiffs and defendants, because plaintiffs can prepare their complaints over years, limited only by the statute of limitations, whereas defendants have only twenty one days to file their answers. See Fed. R. Civ. P. 12(a)(1)(A)(i)("A defendant must serve an answer ... within 21 days after being served with the summons and complaint ...."). Given the time requirements for filing an answer, the Defendants argues that 'it is entirely unreasonable on the date defendants' answer is due to expect them to be aware of all the facts necessary to support their affirmative defenses is or even to know for sure whether a particular affirmative defense is applicable.' DESCO Defendants' Response at 1. Requiring factual allegations supporting affirmative defenses particularly unreasonable, the Defendants argue, because affirmative defenses may be waived if they are omitted from an answer. The Court declines to extend the heightened pleading standard the Supreme Court established in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses.

In Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly, the Supreme Court moved away from the notice pleading regime that had governed its interpretation of rule 8(a) for fifty years. The court expressly 'retired' the language from Conley v. Gibson, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

P. Julian, Comment, Charles E. Clark and Simple Pleading: Against a 'Formalism of Generality', 104 NW. U. L. Rev. 1179, 1180 (2010)(quoting Conley v. Gibson, 355 U.S. 41, 45-46,78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The Supreme Court held that, for complaints under rule 8(a), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'Ashcroft v. Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). 'Threadbare recitals...supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. at 1949. 'Factual allegations must be enough to raise a right to relief above the speculative level.' Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

Neither the text of the rules nor the Supreme Court's decisions in Bell Atlantic v. Twombly and Ashcroft v. Iqbal require the Court to extend the pleading standard from those cases to affirmative defenses. Moreover, the Court concludes that pragmatic concerns weigh against requiring defendants to plead factual allegations supporting affirmative defenses. The Court thus denies the parts of Lane's Motions that are predicated on requiring factual specificity, particularly as motions to strike are disfavored. See Lane v. Page, 727 F. Supp. 2d 1214, 2010 WL 2854481, at 6 ('[M]otions to strike are generally disfavored ....' (quoting Burget v. Capital W. Sec., Inc., 2009 U.S. Dist. LEXIS 114304,2009 WL 4807619, at 1).

Page 4 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

## "A. THE TEXT OF RULE 8 DOES NOT REQUIRE DEFENDANTS TO PROVIDE THE FACTUAL BASIS OF AFFIRMATIVE DEFENSES.

"Courts that have addressed whether to apply the heightened pleading standard under Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses have divided on how to interpret rule 8. Courts that have extended Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses have generally based their conclusions on pragmatic consideration rather than textual dictates. For example, in the thoughtfully reasoned and oft-cited Palmer v. Oakland Farms, Inc., the Honorable James G. Welsh, United States Magistrate Judge for the United States District Court of the Western District of Virginia, found extending Bell Atlantic v. Twombly and Ashcroft v. Iqbal was "in no way inconsistent with" the rules:

> '[B]y its terms Rule 8(b) makes no mention of facts, only a "short and plain" statement of defenses, and by its terms Rule 8(c) similarly requires no factual showing, only that affirmative defenses be "set forth affirmatively." Compare Rule 8(a)(2) (a pleading that states a claim for relief must contain ... "a short and plain statement of the claim showing that the pleader is entitled to relief") with Rule 8(b)(1) ('[i]n responding to a pleading, a party must ... state in short and plain terms its defenses to each claim asserted against it').... [T]he considerations of fairness, common sense and litigation efficiency underlying Twombly and Iqbal strongly suggest that the same heightened pleading standard should also apply to affirmative defenses.

"Palmer v. Oakland Farms, Inc., 2010 U.S. Dist. LEXIS 63265, 2010 WL 2605179, at 4 (alteration in original).

"Courts that have refused to extend the pleading standard to affirmative defenses, on the other hand, have generally found more support in the text of the rules, reading rule (c) as providing distinct requirements for affirmative defenses from the requirements under rule 8(a) and (b). In First National Insurance Company of America v. Camps Services, Ltd., No. 08-cv-12805, 2009 U.S. Dist. LEXIS 149, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009), the United States District Court for the Eastern District of Michigan stated:

> 'First National is correct that Twombley [sic] raised the requirements for a well-pled complaint under Fed. R. Civ. P. 8(a)'s "short and plain statement" requirement. Similar, though not identical, language appears in Rule 8(b)'s requirement that a defendant's answer "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). No such language, however, appears within Rule 8(c), the applicable rule for affirmative defenses. As such, Twombley's [sic] analysis of the "short and plain statement" requirement of Rule 8(a) is inapplicable to this motion under Rule (c).

"First Nat'l Ins. Co. of Am. v. Camps Servs., 2009 U.S. Dist. LEXIS 149, 2009 WL 22861, at 2. The United States District Court for the District of Arizona adopted similar reasoning:

Page 5 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

"'The pleading of affirmative defenses is governed by Rule 8(c). That rule requires only that a party "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. (c)(1) (emphasis added). It does not contain the language from Rule 8(a) requiring a "short and plain statement of the claim showing the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a) (2) (emphasis added). Nor does it include the "short and plain terms" language found in Rule 8(b). Fed. R. Civ. P. 8(b)(1)(A); see McLemore v. Regions Bank, Nos. 3:08-cv-0021,3: 08-cv-1003, 2010 U.S. Dist. LEXIS 25785, 2010 WL 1010092, at 12 (M. D. Tenn. Mar.18, 2010) ("Unlike subsections (a) and (b), subsection (c) does not include any language requiring the party to state anything in 'short and plain' terms."). The Court is of the view that the pleading standards enunciated in Twombly and Ashcroft v. Iqbal have no application to affirmative defenses pled under Rule 8(c). See McLemore, 2010 U.S. Dist. LEXIS 25785, 2010 WL 1010092, at 13; First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd., No. 08-cv-12805, 2009 U.S. Dist. LEXIS 149, 2009 WL 22861, at 2 (E.D. Mich. Jan.5, 2009) (Twombly's "analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)'); Romantine v. CH2M Hill Eng'rs, Inc., No. 09-973, 2009 U.S. Dist. LEXIS 98699,2009 WL 3417469, at 1 (W.D. Pa. Oct.23, 2009) ("This court does not believe that Twombly is appropriately applied to either affirmative defenses under [Rule] 8(c), or general defenses under Rule 8(b), and declines to so extend the Supreme Court ruling[.]"); Holdbrook v. SAIA Motor Freight Line, LLC, No. 09-cv-02870-LTB-BNB, 2010 U.S. Dist. LEXIS 29377, 2010 WL 865380, at 2 (D. Colo. Mar. 8, 2010) (declining to apply Twombly and Iqbal to affirmative defenses in part because a defendant is given only 20 days to respond to a complaint and assert its affirmative defenses).'

'Ameristar Fence Prod., Inc. v. Phx. Fence Co., No. CV-l0-299-PHX-DGC, 2010 U.S. Dist. LEXIS 81468, 2010 WL 2803907, at 1 (D. Ariz. July 15, 2010).

The Court agrees with the latter cases that rule 8(c), which provides the requirements for pleading affirmative defenses, does not require factual support. See Fed. R. Civ. P. 8(c)(1)("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense ...."). The Court does not, however, adopt their reasoning wholesale. Specifically, the Court does not read 8(b) to exclude affirmative defenses, but reasons that rule 8(b)'s text does not include rule 8(a)'s language that demands factual particularity. 7 The plain language of rule 8(b) appears on its face to apply to all defenses. See Fed. R. Civ. P. 8(b)("Defenses; Admissions and Denials.... In General. In responding to a pleading, a party must: ... state in short and plain terms its defenses to each claim asserted against it ...."). Because the plain language applies to all defenses, which includes affirmative defenses, the Court reads rule 8(b) to provide additional requirements to those provided under rule (c).

"'In determining the proper interpretation of a statute, this court will look first to the plain language of a statute and interpret it by its ordinary, common meaning. If the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words.'

Page 6 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W 1st Avenue / P O Box 22338
Eugene, OR 97402
Phone (541) 342-2276  FAX: (541) 343-8059

"Holster v. Gatco, Inc., 130 S. Ct. 1575, 1577, 176 L. Ed. 2d 716 (2010)(citing Tyler v. Douglas, 280 F.3d 116, 122 (2d Cir. 2001)) While rule (c) provides additional requirements for affirmative defenses, these additional specific requirements are not contrary to the general requirements for all defenses under rule 8(b), and the 'the proper inquiry is how best to harmonize the impact of the two" sections. United States v. Estate of Romani, 523 U.S. 517,530, 118 S. Ct. 1478, 140 L. Ed. 2d 710 (1998).

"Although the Court reads rule 8(b) to apply to affirmative defenses, this reading does not demand that defendants support their affirmative defenses with factual allegations. Rule 8(a) provides the pleading requirements for complaints, and the Supreme Court interpreted that section when deciding Bell Atlantic v. Twombly and Ashcroft v. Iqbal. Significantly, the drafters did not use the same text for rule 8(a)(2) and rule 8(b)(1)(A). Rule 8(a)(2) requires plaintiffs to provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' while defendants must 'state in short and plain terms its defenses to each claim asserted against it.' Only plaintiffs, and not defendants, are required to 'show' that they are 'entitled to relief.' In Bell Atlantic v. Twombly, the Supreme Court based its holding that a complaint must provide sufficient factual allegations "to raise a right to relief above the speculative level" on the requirement that plaintiffs "provide the 'grounds' of his 'entitle[ment] to relief'" -- the language that appears in rule 8(a)(2) and not in rule 8(b)(1)(A):

> "'Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' Conley v. Gibson, 355 U.S. 41,47,78 S. Ct. 99, 2 L. Ed. 2d 80 ... (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247,251 (C.A.7 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 ... (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation').
>
> . . . .
>
> "'The need at the pleading stage for allegations plausibly suggesting (not merely consistent With) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'

Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 557 (emphasis added). Similarly, in Iqbal v. Ashcroft the Supreme Court again relied on rule 8(a)(2)'s entitlement language, stating:

> "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Bell At!. Corp. v. Twombly, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

Page 7 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' Id. at 557, 127 S. Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 129 S. Ct. at 1949 . . . .

"The forms appended to the rules bolster the Court's analysis that rule 8(b) does not require defendants to provide factual allegations supporting defenses. Form 30 provides an example of an "Answer Presenting Defenses Under Rule 12(b)." Fed. R. Civ. P. Form 30. The section titled "Failure to State a Claim" states, in its entirety: "4. The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. Failure to state a claim is a defense under rule 12 and therefore falls under rule 8(b)'s requirements. Form 30 provides no factual allegations in support of the defense, and form 30 is sufficient under the rules. See Fed. R. Civ. P. 84 ('The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'); 12 C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure, 3162 (2d ed. 2010)('[I]t is clear that a pleading ... that follows one of the Official Forms cannot be successfully attacked.')(collecting cases). Lane asks the Court to read rule 'b)(1)(A) as stating that a defendant must state in short and plain terms its defenses showing that the pleader is entitled to relief. The Court declines Lane's invitation. The Court thinks the better construction is that the drafters omitted the requirement that defendants "show" that they are "entitled to relief," because the pleading requirements for claims are different than the requirements for defenses. See Boumediene v. Bush, 553 U.S. 723, 778, 128 S. Ct. 2229, 171 L. Ed. 2d 41 (2008)('[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' (citations omitted)); Russello v. United States, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (193)('We refrain from concluding here that the differing language in the two subsections has the same meaning in each[;] [w]e would not presume to ascribe this difference to a Simple mistake in draftsmanship.'). The Court does not believe that the Supreme Court's interpretation of 'a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief,' Bell At!. Corp. v. Twombly, 550 U.S. at 555, should be imputed to a defendant's obligation to provide the "its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A). The Court concludes therefore that, because rule 8(b)(1)(A) does not include the same operative language that requires plaintiffs to provide factual allegations supporting their claims, and because form 30 demonstrates that no factual allegations are required for defendants, the rules do not compel defendants to provide factual support for affirmative defenses.

"B. FUNCTIONAL DIFFERENCES BETWEEN COMPLAINTS AND AFFIRMATIVE DEFENSES SUPPORT APPLYING DIFFERENT STANDARDS.

"In addition to the rules not compelling defendants to provide factual support for their affirmative defenses, pragmatic considerations militate against such a requirement. The courts that have addressed whether to apply Bell

Page 8 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

Atlantic v. Twombly and Ashcroft v. Iqbal's pleading standard to affirmative defenses have divided whether factual support for affirmative defenses promotes pleadings' purposes. Courts that apply the pleading standard of Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses reason that factual information is necessary "to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case." Castillo v. Roche Labs. Inc., No. 10-20876-CIV, 2010 U.S.Dist. LEXIS 87681, 2010 WL 3027726, at 3 (S.D. Fla. Aug. 2, 2010)(quoting Palmer v. Oakland Farms, Inc., 2010 U.S. Dist. LEXIS 63265, 2010 WL 2605179 at 5). The courts reason that, by applying Bell Atlantic v. Twombly and Ashcroft v. Iqbal's plausibility "standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense." Palmer v. Oakland Farms, Inc., 2010 U.S. Dist. LEXIS 63265, 2010 WL 2605179, at * 5. "[I]n addition to increasing litigation costs, '[b ]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery.' Castillo v. Roche Labs. Inc., 2010 U.S. Dist. LEXIS 87681, 2010 WL 3027726, at 3 (quoting Palmer v. Oakland Farms, Inc., 2010 U.S. Dist. LEXIS 63265, 2010 WL 2605179 at *4). 'Consequently, when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial conferences in order to narrow the issues.' Castillo v. Roche Labs. Inc., 2010 U.S. Dist. LEXIS 87681,2010 WL 3027726, at 3.

" Courts that decline to extend Bell Atlantic v. Twombly and Ashcroft v. Iqbal's pleading standard to affirmative defenses reason that, given the limited time defendants have to file their answers, it is appropriate to impose asymmetric pleading requirements on plaintiffs and defendants. See Holdbrook v. SAIA Motor Freight Line, LLC, 2010 U.S. Dist. LEXIS 29377, 2010 WL 865380, at 2 ('[I]t is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses.'). This reasoning is consistent with the view that '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.' Lawrence v. Chabot, 182 Fed. App'x at 456 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1274, at 455-56 (2d ed. 1990)). See Davis v. Sun Oil Co., 148 F.3d 606 (6th Cir. 1998)(refusing to strike an affirmative defense stating that "Plaintiffs' claims are barred by the doctrine of res judicata"); American Motorists Ins. Co. v. Napoli, 166 F.2d 24, 26 (5th Cir. 1948)(stating that an affirmative defense "that simply states that complainant was guilty of contributory negligence, as in the case at bar, is sufficient'). 'Rule 8(c) is designed to ensure that a defendant has notice that a particular defense is in play in the case, not necessarily how that defense applies.' New Hampshire Ins. Co. v. Marinemax of Ohio, Inc., 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006) (emphasis added).

"The Court believes that cases refusing to extend the pleading standard have the better argument. The functional differences between a complaint and affirmative defenses militate against extending to affirmative defenses the pleading standard the Supreme Court announced in Bell Atlantic v. Twombly and Ashcroft v. Iqbal. While applying the same standard to plaintiffs and defendants may satisfy our sense of consistency and symmetry, see Palmer v. Oakland Farms, Inc., No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, 2010 WL 2605179

Page 9 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

(W.D. Va. June 24, 2010)("[I]t neither makes sense nor is it fair to require a plaintiff to provide defendant with ... a plausible, factual basis for ... [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case."), the rules value functionality over formalistic concerns for symmetry. See Comment, supra at 1181 ("Rather than merely reducing the amount of factual detail a plaintiff must furnish in a complaint, above all [the drafters of the rules] sought to defeat the rigid formality that historically plagues pleading requirements."). Imposing different standards also reflects that "motions to strike are generally disfavored." Lane v. Page, No. 06CV-071-JB-ACT, 727 F. Supp. 2d 1214, 2010 WL 2854481, at 6 (quoting Burget v. Capital W. Sec., Inc., 2009 U.S. Dist. LEXIS 114304, 2009 WL 4807619, at 1). Unlike a plaintiff filing a complaint, a defendant asserting an affirmative defense does not bring the jurisdiction of the federal courts to bear on what was previously a private matter. Moreover, deciding whether a complaint survives a motion to dismiss may determine whether discovery will occur at all, whereas an affirmative defense at most affects the scope of discovery.

"Asymmetrical requirements are also reasonable in light of the different requirements that plaintiffs and defendants face when submitting complaints and answer. Plaintiffs can prepare their complaints over years, limited only by the statute of limitations, whereas defendants have only twenty-one days to file their answers. See Fed. R. Civ. P. 12(a)(1)(A)(i)('A defendant must serve an answer ... within 21 days after being served with the summons and complaint ....'). Whereas a defendant is deemed to admit the allegations in a complaint if he or she does not respond, a plaintiff may largely ignore an answer without formal legal consequence. See Fed. R. Civ. P. 55. Moreover, defendants risk waiving affirmative defenses that are omitted from their answer. See Fed. R. Civ. P. 12(g)(2), (h)(l)(A). Consequently, "counsel often plead vast numbers of affirmative defenses without being sure whether the facts will ultimately support the defenses[;] such pleading is done precisely so that the defenses will be preserved should discovery or further proceedings reveal factual support." Wanamaker v. Albrecht, No. 95-8061, 1996 U.S. App. LEXIS 26593, 1996 WL 582738, at *5 (10th Cir. Oct. 10, 1996). For these reasons, whether to grant a motion to strike "is viewed as determinable only after discovery and a hearing on the merits. A court may therefore strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them." Friends of Santa Fe County v. LAC Minerals, Inc., 892 F. Supp. at 1343. The Court believes the Defendants should be permitted to seek discovery to develop the "necessary factual background" for their defenses before "a premature evaluation of a [their] defense[s'] merits." Trustees of Local 464A United Food and Commercial Workers Union Pension Fund v. Wachovia Bank, N.A., Civ. No. 09-668 (WMJ), 2009 U.S. Dist. LEXIS 109567, 2009 WL 4138516, at *1 (D.N.J. Nov. 24, 2009). Because a plaintiff can do a lot of pre-filing work, and a defendant generally cannot, there is a sound rationale for requiring more of plaintiffs than of defendants at the pleading stage.

"Applying Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses would also invite many more motions to strike, which achieves little. Most civil cases are resolved before trial, and the Court rarely has to deal with most affirmative defenses. Motions to dismiss help resolve cases; motions to strike, in most cases, waste everyone's time. In the case where a motion to strike is useful -- statutes of limitations, some unique defenses -- the issues are largely legal, and the facts are better developed in motion practice than in the pleadings.

Page 10 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

The Court is thus not convinced, based on the lack of factual allegations, "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe County v. LAC Minerals, Inc., 892 F. Supp. at 1343 (quoting Carter-Wallace, Inc. v. Riverton Lab., 47 F.R.D. at 368)(internal quotation marks omitted). The Court thus denies Lane's request that it strike the Defendant's affirmative defenses for lack of factual allegations. For the same reason, the Court also denies Lane's alternative motion for a more definite statement. Specifically, the Court denies Lane's request to strike the DESCO Defendants' affirmative defenses 2-9, 11, 13-16, 18, and 26-31, and the Individual Defendants' affirmative defenses 1-9 and 14-18. See First Memorandum at 6 ('D.E. Shaw Defendants' affirmative defenses -- specifically, affirmative defenses 2-9, 11, 13-16, 18, 26-31 - should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely.'); Second Memorandum at 6 ('[T]he Individual Defendants' affirmative defenses - specifically, affirmative defenses 1-9 and 14-18 -- should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely.')."

## II. APPLICATION OF LEGAL AUTHORITIES TO THE PLEADINGS

### A. Defendant's Bare-Bones Boilerplate Affirmative Defenses Fail to Provide Proper Notice to Establish Valid Defenses

Defendant is not going to go through plaintiff's arguments affirmative defense by affirmative defense. The issue is straightforward. Defendant is urging this Court to adopt the reasoning of those courts who have found that (1) simply stating the affirmative defense without a factual basis is adequate because that is all that Fed. R. Civ. Proc. 8(c) requires; and (2) that the factual basis for the affirmative defenses are easily discoverable by the plaintiff.

However, if the court determines that it is adopting the position of the courts that require the same standard for pleading affirmative defenses as is required under the provisions of Fed. R. Civ. Proc. 8(a), then the court should strike the affirmative defenses with leave to amend as has been universally held by the cases which have considered the matter.

Respectfully submitted,

DANIEL N. GORDON, P.C.

*/s/ Daniel N. Gordon*

Daniel N. Gordon, WSB#32186
Of Attorneys for Defendant
Asset Acceptance, LLC

Page 11 - DEFENDANT ASSET ACCEPTANCE, LLC'S MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO STRIKE

## CERTIFICATE OF SERVICE

I hereby certify that March 24, 2011, I electronically filed Defendant Asset Acceptance Funding, LLC's Memorandum of Law Opposing Plaintiff's Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

jrobbins@AttorneysForConsumers.com

kjc@winstoncashatt.com

And I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants:

None.

DATED: March 24, 2011.

DANIEL N. GORDON, P.C.
Attorneys for Defendant Asset Acceptance, LLC

By: _____
Daniel N. Gordon, WSBA # 32186
Of Attorneys for Defendant Asset Acceptance, LLC