KEVIN J. CURTIS, WSBA No. 12085
WINSTON & CASHATT, LAWYERS,
a Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131

Attorneys for Defendant Daniel N. Gordon, P.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA COLEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL N. GORDON, P.C., and ASSET ACCEPTANCE, LLC,<br><br>Defendants. | No. CV-10-428-EFS<br><br>DEFENDANT DANIEL N. GORDON, P.C.'S MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES |

**1. Relief Requested.**

Defendant Daniel N. Gordon P.C. ("Gordon") requests that the court deny plaintiff Tina Coleman's motion to strike all of its affirmative defenses. The affirmative defenses were properly stated under governing Rule 8(c) and neither the rule, nor applicable Ninth Circuit authority requires any lengthy recitation of supporting facts at this stage of the litigation.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**2. Facts.**

Plaintiff Coleman filed her 15 page Complaint with two exhibits, alleging multiple violations of the Fair Debt Collection Practices Act (FDCPA) on December 8, 2010, and Gordon filed an Answer on February 25, 2011. In that Answer, Gordon listed its affirmative defenses to the allegations made in the Complaint. Plaintiff has now moved to strike all of defendant's defenses although no discovery has occurred in the case, and this jurisdiction has not adopted any strenuous pleading standards for affirmative defenses beyond the requirements in Rule 8(c).

**3. Law.**

A Rule 12(f) motion to strike is disfavored due to the strong public policy favoring resolutions of claims on the merits. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); Barnes v. AT & T Pension Ben., 718 F.Supp.2d 1167 (N.D. Cal 2010). Additionally, such motions are disfavored because of their dilatory and harassing character, and are not generally considered unless there is a showing of prejudice towards the moving party. Hernandez v. Balakian, 2007 WL 1649911 (E.D. Cal 2007) (citing Wright & Miller, Federal Practice and Procedure: Civil 3d §1381, pp. 421-425). "Striking a pleading is a drastic remedy to be resorted to only when required for the purpose of justice." Browning v. Pend Oreille County Sheriff's Dept., 2008 WL 3852693 (E.D. Wash. 2008).

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Here, no basis exists to overcome the policy to allow the affirmative defenses to proceed on their merits. The rules governing the pleading of affirmative defenses requires no more than a statement of such defenses, and the applicable authority has not extended the heightened pleading standards to affirmative defenses.

**3.1 Defendant's Answer complies with Rule 8(c), which requires that a defendant "affirmatively state" any avoidance or affirmative defenses.**

The "procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules…Fed.R.Civ.P. 8(c) determines whether the pleading of the…defense was sufficient." CTF Development, Inc. v. Penta Hospitality, LLC, 2009 WL 3517617 (N.D. Cal 2009) [citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)].[1] Rule 8(c) only requires that a party affirmatively *state* any avoidance or affirmative defense. Ameristar Fence Products, Inc. v. Phoenix Fence Company, 2010 WL 2803907 (D.Ariz. 2010). It does not contain the language from Rule 8(a) requiring a

[1] Contrary to plaintiff's assertion, the Wyshak court did not find that the **same** rules apply to pleading either a claim or defense; instead the court stated that pleading both claims and defenses are governed by "the federal rules", finding that defenses are specifically governed by Rule 8(c). 607 F.2d at 827. Plaintiff also misquotes Wyshak at p. 2 of its memorandum - - Wyshak does not address a motion to strike an affirmative defense under Rule 12(f).

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

"short and plain statement of the claim showing the pleader is entitled to relief." Id. It also does not contain the "short and plain" terms language found in Rule 8(b). Id. Consequently, the pleading standards enunciated in cases interpreting the affirmative pleading rules contained in 8(a) or 8(b) have no application, and should not be extended to affirmative defenses pled under Rule 8(c). So long as a defendant has complied with Rule 8(c) and put the opposing party on notice of the affirmative defenses, there is no basis to grant a motion to strike on the theory there is insufficient factual bases pled, particularly prior to discovery. Perez v. THG Construction, LLC, 2009 WL 3482274 (E.D. Wash. 2009). By stating the affirmative defenses, Gordon has adequately pled its defenses as required by the applicable rule.

**3.2 Courts have properly declined to apply heightened pleading standards to affirmative defenses by analyzing the express terms of the rules, and the practical effect on a defendant's pleading.**

Plaintiff improperly relies on the standards raised in Iqbal[2] to claim that affirmative defenses made without factual basis are insufficient; this argument fails because

---

[2] The Supreme Court has established heightened "rules of pleading" in Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); commonly referred to a the "Iqbal standard," it requires that a plaintiff must state sufficient factual allegations to state a "plausible" claim to avoid dismissal.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

application of Iqbal to affirmative defenses has been properly rejected when analyzed thoroughly. While the Ninth Circuit has not yet directly addressed the issue of whether the heightened pleading standards announced in Iqbal apply to affirmative defenses, courts within the Circuit have rejected its application. See, Ameristar Fence Products, 2010 WL 2803907 at *1; Perez, 2010 WL 3482274 at *1. Moreover, the differences between affirmative defenses and claims for relief establish the minimal requirements demanded of a defendant.

As outlined above, there are distinct differences in the language applicable to pleading an affirmative claim for relief as opposed to an affirmative defense. Courts have refused to take the Iqbal analysis and apply it to an affirmative defense because of the specific textual differences in the rule. For example, in Lane v. Page, ___ F.R.D. ___, 2011 WL 693176 at *8-11 (D.N.M. 2011), the court notes that the express language in the rules undisputedly require different things, and the courts are required to give effect to that express language; Rule 8(c) simply does not require the "short and plain statement" required by Rule 8(a).[3] See, Ameristar, 2010 WL 2803907 at *1.

---

[3] The Lane case contains a useful collection of these cases which find affirmative defense pleading standards different than those required of plaintiffs.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Courts also recognize the practical differences between an affirmative defense and a claim for relief. A defendant has 20 days to file its answer, while the plaintiff has extended time to develop factual support for its claims before filing. Lane at *12 [citing Holdbrook v. SAIA Motor Freight Lines, LLC, 2010 WL 865380 (D. Colo. 2010)]. Because plaintiffs can do pre-filing investigation, there is "sound rationale" for requiring less of defendants at the pleading stage. Lane at *13. It is fair to require that a plaintiff who initiates litigation has sufficient facts to hale a defendant into court; a defendant, however, has been involuntarily made to appear and has a short time frame to respond and preserve its defenses.

In addition, defendants risk waiving affirmative defenses that are omitted from their Answer. As a result, they should be entitled to preserve all of those defenses which could be proved should discovery reveal factual support. Lane at *13 [citing Wanamaker v. Albrecht, 1996 WL 582738 at *5 (10th Cir. 1996)]. A motion to strike an affirmative defense for legal insufficiency should not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense, "*particularly when there has been no significant discovery.*" McArdle v. AT&T Mobility, LLC, 657 F.Supp.2d 1140, 1150 (N.D. Cal. 2009) (emphasis added); see also, Perez v. THG Construction, LLC, 2009 WL 3482274 at *1 (holding that high level of factual detail of affirmative defenses sought by the plaintiff,

Winston & Cashatt

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

prior to discovery being conducted, is not required by the Federal Rules of Civil Procedure).

Requiring a defendant to investigate, analyze, and outline a "plausible" factual basis for potential affirmative defenses within 20 days of being sued, or risk having such defenses stricken and/or waived, is neither contemplated by the rules, nor does it constitute fairness to a defendant.

**3.3 Defendant has adequately stated each of its affirmative defenses, and is entitled to proceed to discovery on them, particularly when no prejudice results to the plaintiff.**

The "fair notice" required of an affirmative defense has been provided by defendant, and none of the listed defenses should be stricken because the law does not require detailed facts at this pleading stage. Plaintiff once again inexplicably misquotes the law in the Ninth Circuit when she alleges that the court in Jones v. Community Redevelop. Agency, 733 F.2d 646 (9th Cir. 1984) prohibited an affirmative defense that "simply states a legal conclusion" "without the support of facts" which will not "withstand a motion to strike." Jones says no such thing, and addresses only an affirmative §1983 claim made by a plaintiff. The law remains that so long as the affirmative defense gives the plaintiff fair notice, it may not be stricken. See, Wyshak, 607 F.2d at 826-827. In fact, any striking of affirmative defenses at this early stage of

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

litigation only leads to later requirements to amend the answer, which is to be freely given in the case of affirmative defenses. Id.

Plaintiff's specific objections to the affirmative defenses are all primarily based on the lack of detailed facts. Cases cited by the plaintiff for the proposition that the mere conclusory recital of defenses is inadequate are often instances in which the courts incorrectly analyzed affirmative defenses under Rule 8(a), or some heightened standard. See, e.g. Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F.Supp.2d 897, 907 (N.D. Ill. 2006) ("merely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)"). Such analysis is inapplicable as outlined above, and plaintiff's challenges on that basis to specific individual defenses will not be individually addressed herein. Plaintiff has not established any prejudice from the asserted defenses, is on notice of their existence, and they are not subject to being stricken. To the extent plaintiff asserts that the defenses are wholly unsupported by any law, defendant addresses them below.

**a. Failure to state a claim.**

Failure to state a claim upon which relief can be granted is specifically listed in the federal rules as one that must be asserted in a responsive pleading, or be made by motion, so long as the motion is made before any responsive pleading is allowed. Fed.R.Civ.P. 12(b). Moreover, it is specifically an affirmative defense that is waived by

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

failing to make a speedy motion or finding to include it in a responsive pleading. Fed.R.Civ.P. 12(h).

Here, plaintiff has asserted that the defendants have violated the Fair Debt Collection Practices Act, and extensively outlined each provision of that Act it has violated. Defendant denies the violation in his answer, and as an affirmative defense, assert that plaintiff has failed to state a claim under which plaintiff can obtain relief. In this instance, not only is failure to state a claim defense which must be raised here, striking it would not only be inefficient, it would punish the defendant for preserving a potentially waived defense.

**b. Laches/statute of limitations.**

Courts recognize that pleading laches, even in a conclusory manner, puts the plaintiff on notice that the defendants will pursue this defense, and any contention that each element must be pled to support a laches claim under a "heightened pleading requirement" is "incongruous with the concept of notice pleading," as well as the concept that pleadings "must be construed so as to do justice." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106 (E.D. Mo. 2008) at *4. The existence of laches is a question primarily addressed to the discretion of the trial court, and is not determined merely by a reference to a mechanical application of the statute of limitation. Kimberly Corp. v. Hartley Pen Co., 237 F.2d 294 (9th Cir. 1956).

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

And as to the statute of limitations defense, p laintiff again refers to a higher standard of pleading than applicable. Defendant is not required to place facts into the record upon the 20 day answer that creates a "plausible" basis for a statute of limitations defense. The fair notice to which plaintiff is entitled is simply that she has claimed FDCPA violation, the FDCPA has a one year statute of limitations, and by asserting the statute of limitations defense, defendant claims that plaintiff's cause of actions accrued prior to one year before her Complaint was filed. That is all the fair notice to which plaintiff is entitled, and striking the statute of limitations defense is unjust here.

**c. Failure to mitigate.**

Contrary to plaintiff's assertions, failure to mitigate is a potential defense to an FDCPA action. See, Hahn v. Best Recovery Services, LLC, 2010 WL 4483375 (E.D. Mich. 2010) (refusing to strike affirmative defenses of failure to mitigate in FDCPA action). The case cited by the plaintiff, Glover v. Mary Jane M. Elliott, P.C., 2007 WL 2904050 (W.D. Mich. 2010) for the proposition that failure to mitigate is not a defense under the FDCPA as a matter of law (Plaintiff's Memo, p. 8), recognized that while failure to mitigate is not a defense to an award of statutory damages, it **is** a defense to a claim for actual damages; so long as a legal basis exists for mitigation defense, the motion to strike should be denied.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**d. Bona fide error.**

Plaintiff admits that bona fide error is a defense to an FDCPA claim, but again asserts that a pleading must contain specific facts. However, the case cited by plaintiff for the proposition that bona fide error cannot be raised without a factual basis, Reichert v. National Credit Systems, Inc., 531 F.3d 1002 (9th Cir. 2008), is an instance in which plaintiff moved for summary judgment, and defendant's failure to produce sufficient evidence of maintenance of procedures allegedly adapted to avoid error, failed at that stage. This is wholly irrelevant to defendant's right to plead bona fide error in his Answer.

**e. Attorney Fees.**

Courts have discretion in calculating attorney fees under the FDCPA, and in fact, authorize a court to award attorney fees to the defendant if a plaintiff's suit was brought in bad faith or for the purposes of harassment. See, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA, 130 S.Ct.1605 (2010). In fact, the Supreme Court noted that lower courts have taken different views about when, and whether, the FDCPA requires an award of attorney fees, and noted some courts have refused to award fees to deter suits brought only as a means of generating attorney fees. See, Jerman, 130 S.Ct. at 1621, n. 16.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

As a result, plaintiff's assertion that attorney fees are not at issue as an affirmative defense ignores the court's discretion to adjust any award of attorney fees depending on the nature of the violations found, and plaintiff's goals in bringing suit. As a result, a challenge to the award of fees is appropriately pled, and places the plaintiff on a sufficient notice of the defense.

**f. Good faith.**

Good faith may simply be a further statement of the bona fide error affirmative defense. See, Hess v. Cohen & Slamowitz, LLP, ___ F.3d ____, 2011 WL 612887 (2nd Cir. 2011) ("the FDCPA sets forth the proper mechanism for taking account of the debt collector's assertion of good faith mistake, and dismissal of the affirmative defense on the basis of the present record is "premature"). Moreover, the FDCPA itself provides for a good faith defense when an act is performed in conformity with an advisory provision of the Federal Trade Commission. 15 U.S.C. §1692K(e).

Defendant is entitled to plead good faith, and determine on discovery whether the conduct complained of was committed based on bona fide error or good faith, and this affirmative defense should not be stricken.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**4. Conclusion.**

For the foregoing reason, defendant Daniel N. Gordon, P.C. requests that the court deny plaintiff's Motion to Strike.

DATED this 29th day of March, 2011.

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS,
a Professional Service Corporation
Attorney for Defendant Daniel N. Gordon, P.C.

601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

DEFENDANT DANIEL N. GORDON, P.C.'S
MEMORANDUM IN OPPOSITION TO MOTION TO
STRIKE AFFIRMATIVE DEFENSES -- 13

Winston & Cashatt

A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

I hereby certify that on March 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Jon N. Robbins
Weisberg & Meyers
jrobbins@attorneysforconsumers.com

Attorney for Plaintiff

Daniel N. Gordon
Daniel N. Gordon, P.C.
Dgordonpc@aol.com

Attorney for Defendant Asset Acceptance, LLC

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS,
a Professional Service Corporation
Attorney for Defendant Daniel N. Gordon, P.C.

601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

228708

DEFENDANT DANIEL N. GORDON, P.C.'S MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES -- 14

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131