Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TINA COLEMAN,** ) | Case No. 2:10-cv-00428-EFS |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S REPLY TO** |
| ) | **DEFENDANT ASSET** |
| vs. ) | **ACCEPTANCE, LLC'S** |
| ) | **OPPOSITION TO PLAINTIFF'S** |
| ) | **MOTION TO STRIKE** |
| **DANIEL N. GORDON, P.C., AND** ) | **DEFENDANT DANIEL N.** |
| **ASSET ACCEPTANCE, LLC,** ) | **GORDON, P.C.'S AFFIRMATIVE** |
| ) | **DEFENSES** |
| Defendants. ) | |

Plaintiff, Tina Coleman ("Plaintiff"), hereby submits her Reply to Defendant Asset Acceptance, LLC's ("Defendant Asset") Opposition to Plaintiff's Motion to Strike Defendant Daniel N. Gordon, P.C.'s ("Defendant Gordon") Affirmative Defenses. In support thereof Plaintiff states as follows:

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## I.  PLAINTIFF MOVED ONLY TO STRIKE DEFENDANT GORDON'S AFFIRMATIVE DEFENSES, NOT THOSE ASSERTED BY DEFENDANT ASSET.

Plaintiff has not moved to strike Defendant Asset's affirmative defenses. (See Doc. 10).  Instead, Plaintiff's Motion to Strike Affirmative Defenses only applied to those asserted by Defendant Gordon.  As such, Defendant Asset's opposition is without merit as Plaintiff has not moved to strike its affirmative defenses.  Local Rule 7.1(c)(1), governing responsive memorandums, states "[t]he opposing party shall. . ." .  Since Defendant Asset is not the opposing party to Plaintiff's motion, the local rules to not allow it to submit a responsive memorandum.

Also, Defendant Asset does not submit its opposition on behalf of Defendant Gordon.  (See Doc. 13).  Therefore, Defendant Asset lacks standing to submit its opposition to Plaintiff's motion and has no stake in the outcome of Plaintiff's motion.  *See Ohio Bell Telephone Co. v. ICG Telecom Group, Inc.*, 2000 WL 1469356, 5 (S.D. Ohio 2000) (holding, "these Defendants have no standing with regard to the issues raised . . . and otherwise have no stake in the outcome of the Motion").

Reply to Motion to Strike Affirmative Defenses - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Furthermore, Defendant Asset's opposition is moot since Defendant Gordon effectively consented to Plaintiff's motion. (See *infra*, Section II). Therefore, Defendant Gordon's affirmative defenses must be stricken.

## II.   DEFENDANT GORDON EFFECTIVELY CONSENTS TO PLAINTIFF'S MOTION BY ITS FAILURE TO RESPOND.

Local Rule 7.1(e) provides:

> A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default.

On March 15, 2011, Plaintiff moved to strike Defendant Gordon's affirmative defenses. (See Doc. 10). Local Rule 7.1(c)(1) allows the opposing party fourteen (14) days to respond to a nondispositive motion. Since Defendant Gordon failed to respond to Plaintiff's motion within the period allowed by the Local Rules, Defendant Gordon has effectively consented to Plaintiff's Motion to Strike Defendant Gordon's Affirmative Defenses. As such, Defendant Asset's opposition is moot.

As a result, the Court should strike Defendant Gordon's affirmative defenses.

Reply to Motion to Strike Affirmative Defenses - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## II. DEFENDANT ASSET FAILS TO CITE ANY MANDATORY AUTHORITY TO SUPPORT ITS OPPOSITION.[1]

### A. Defendant Asset Relies Solely On A Decision From The District Of New Mexico.

In its opposition, Defendant Asset provides no citations to any Ninth Circuit cases or those from the Eastern District of Washington.    In fact, Defendant's legal authority consists entirely of eight (8) pages, copied in their entirety, from a case decided in the District of New Mexico.  (See Doc. 13 at 3-11) (quoting *Lane v. Page*, 2011 WL 693176, 6-14 (D.N.M. Jan. 14, 2011). Despite numerous citations within the material quoted directly from *Lane*, no citations are mandatory authority in this jurisdiction.    Therefore, Defendant Asset's argument is without merit and Defendant Gordon's affirmative defenses must be stricken.

### B. Defendant Asset Fails To Include *Lane's* Relevant Citations To Ninth Circuit Decisions.

Though Defendant Asset's opposition includes eight (8) quoted pages directly from *Lane*, the language fails to contain any citations to relevant Ninth Circuit case law.  (See Doc. 13 at 3-11).  However, though *Lane* does cite Ninth

---

[1] The only Ninth Circuit decision cited by Defendant Asset is *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979).  However, Defendant Asset's reference to this decision only supports Plaintiff's assertion that the *Conley* "fair notice" requirement applies to affirmative defenses.  (See Doc. 13 at 2).

Reply to Motion to Strike Affirmative Defenses - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Circuit case law, Defendant Asset fails to include these portions of the decision in

its opposition.

> *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088
> (9th Cir.2002)("A defense which demonstrates that
> plaintiff has not met its burden of proof [as to an
> element plaintiff is required to prove] is not an
> affirmative defense." (*citing Flav-O-Rich v. Rawson
> Food Service, Inc.*, 846 F.2d 1343, 1349 (11th
> Cir.1988))).

*Lane*, 2011 WL 693176 at 15.

> Moreover, the United States Court of Appeals for the
> Ninth Circuit has expressly rejected requiring a movant
> to show prejudice to prevail on a motion to strike. *See
> Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, at *2
> (9th Cir.1999) ("Rule 12(f) says nothing about a
> showing of prejudice and allows a court to strike
> material sua sponte. We decline to add additional
> requirements to the Federal Rules of Civil Procedure
> when they are not supported by the text of the rule."
> (citations omitted)).

*Id.* at 16.

> The Ninth Circuit does not require movants to show
> prejudice. On the contrary, in a more recent opinion the
> Ninth Circuit has expressly rejected adding a
> requirement of prejudice to rule 12(f), because the rule
> does not require prejudice.

*Id.* at 18 (*citing In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1546 (9th

Cir. 1994).

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Since Defendant Asset's argument fails to cite any mandatory authority, and the potions of *Lane* Defendant Asset failed to include support Plaintiff's motion, the Court must strike Defendant Gordon's affirmative defenses.

## III. DEFENDANT ASSET FAILS TO SPECIFICALLY ADDRESS ANY OF PLAINTIFF'S CHALLENGES TO DEFENDANT GORDON'S AFFIRMATIVE DEFENSES.

Defendant Asset states, "Defendant is not going to go through Plaintiff's arguments affirmative defense by affirmative defense." (Doc. 13 at 11). As such, it is impossible to ascertain how or why Defendant Asset believes the Court should ignore mandatory authority and instead apply reasoning from the District of New Mexico to Plaintiff's argument against each affirmative defense.

Defendant Assets failure to apply its cited legal authority to the case at hand is no surprise. As discussed previously, Defendant Asset is opposing a motion to which it has no interest. (See *supra*, Section I). Additionally, Defendant Asset obviously spent no time performing legal research to support its opposition as it merely quoted eight (8) pages from a recent decision out of the District of New Mexico and included no authority from the Ninth Circuit. (See *supra*, Section III). The only effort Defendant Asset appears to have put into its opposition is to make certain that it's directly quoted legal authority, *Lane*, was devoid of all Ninth Circuit citations which are inapposite to its argument.

Reply to Motion to Strike Affirmative Defenses - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Since Defendant Asset fails to show establish *Lane*'s applicability to this case, its argument is without merit.  Furthermore, Defendant fails to establish why the Court should apply *Lane* instead of mandatory authority from the Ninth Circuit, as cited by Plaintiff in her motion.  As such, Defendant Asset's argument must fail and Defendant Gordon's affirmative defenses must be stricken.


WHEREFORE, Plaintiff respectfully requests the Court strike all Defendant Gordon's Affirmative Defenses.

Respectfully submitted this 29th day of March, 2011.

/s/ Jon N. Robbins
Jon N. Robbins (28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Reply to Motion to Strike Affirmative Defenses - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jon N. Robbins, hereby certify that on March 29, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Eastern District of Washington using the electronic case filing system of the court, which shall send notification of such filing to the following:

Kevin J. Curtis
Winston & Cashatt, Lawyers, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
kjc@winstoncashatt.com

Daniel N. Gordon
Daniel N. Gordon, P.C.
4023 West 1st Avenue
Eugene, Oregon 97402
Dgordonpc@aol..com

/s/ Jon N. Robbins
Jon N. Robbins

Reply to Motion to Strike Affirmative Defenses - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com