Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TINA COLEMAN,** | ) Case No. 2:10-cv-00428-EFS |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S REPLY TO** |
| | ) **DEFENDANT DANIEL N.** |
| vs. | ) **GORDON, P.C.'S OPPOSITION TO** |
| | ) **PLAINTIFF'S MOTION TO** |
| **DANIEL N. GORDON, P.C., AND** | ) **STRIKE DEFENDANT DANIEL N.** |
| **ASSET ACCEPTANCE, LLC,** | ) **GORDON, P.C.'S AFFIRMATIVE** |
| | ) **DEFENSES** |
| Defendants. | ) |

Plaintiff, Tina Coleman ("Plaintiff"), hereby submits her Reply to Defendant Daniel N. Gordon, P.C.'s ("Defendant") Opposition to Plaintiff's Motion to Strike Defendant Daniel N. Gordon, P.C.'s Affirmative Defenses.  In support thereof Plaintiff states as follows:

Reply to Motion to Strike Affirmative Defenses - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   THE NINTH CIRCUIT DOES NOT REQUIRE A SHOWING OF PREJUDICE TO STRIKE AFFIRMATIVE DEFENSES.

"Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte." *Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, at *2 (9th Cir. 1999).  In fact, the Ninth Circuit specifically stated, "[w]e decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule."  *Id.*  (*citing In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1546 (9th Cir. 1994).

In fact, *Lane v. Page*, a case which Defendant states "contains a useful collection of these cases which find affirmative defense pleading standards," cites *Atlantic Richfield* for just this proposition.  2011 WL 693176, 16 (D.N.M. Jan. 14, 2011) ("The rule does not require that a movant show prejudice.").  As such, Plaintiff need not show prejudice for the Court to strike Defendant's affirmative defenses.

## II.   *TWOMBLY* AND *IQBAL* APPLY TO THE PLEADING OF AFFIRMATIVE DEFENSES.

While the Ninth Circuit has not ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses, including many within the Ninth Circuit. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1167, 1172 (N.D.Cal.,2010) ("Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."); *CTF Dev., Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, 7-8 (N.D.Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Wine Group LLC v. L. and R. Wine Co.*, 2011 WL 130236, 2 (E.D.Cal 2011) (applying heightened standard); *J & J Sports Productions, Inc. v. Franco*, 2011 WL 794826, 2 (E.D.Cal. 2011) (striking all affirmative defenses as insufficiently pled); *Bradshaw v. Hilco Receivables*, LLC 725 F.Supp.2d 532, 536 (D.Md. 2010) (noting that the growing majority of district courts have determine that the heightened plausibility standard applies to the pleading of defenses); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D.Kan.2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses).

Defendant cites *Perez v. THG Construction, LLC* and *Ameristar Fence Productcts, Inc. v. Phoenix Fence Co.* to support its theory that its affirmative defenses cannot be dismissed due to insufficient factual basis plead. (Doc. 15 at 4). However, in *Perez*, the defendant provided fair notice by providing an amended answer "to adequately supplement its affirmative defenses which

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

provide sufficient facts." *Perez v. THG Construction, LLC*, 2009 WL 3482274 (E.D. Wash. 2009).   In *Ameristar Fence Products*, the motion to strike was denied as moot since an amended complaint was going to be filed.  2010 WL 2803907 at 1.  As such, the cases cited by Defendant are inapplicable.

Therefore, *Twombly* and *Iqbal* apply to affirmative defenses and the Court must strike Defendant's affirmative defenses.

## III.   DEFENDANT'S AFFIRMATIVE DEFENSES MUST BE STRICKEN.

As discussed above, the standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses and Plaintiff need not establish prejudice.   Defendant's argument that its defenses should not be stricken rests solely on its claims that it need not base its defense on any facts whatsoever.

### A.   Failure to State a Claim.

As discussed in Plaintiff's motion, the mere recital of the motion to dismiss standard fails to constitute a valid affirmative defense.  (See Doc. 10).  Despite Plaintiff's fully supported argument that Defendant fails to adequately plead this defense and that it is not even an affirmative defense, Defendant fails to provide contrary authority.  (See Doc. 10; Doc. 15).  As such, the defense must be stricken.

Reply to Motion to Strike Affirmative Defenses - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**B.    Laches**

As stated in Plaintiff's Motion, the Ninth Circuit has explicitly stated that "[l]aches is an equitable affirmative defense available for actions that do not have a specific applicable statute of limitations." *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125 (9th Cir. 2006).  Defendant makes no argument and only cites to *Kimberly Corp. v. Hartley Pen Co.*, 237 F.2d 294 (9th Cir. 1956).  However, that case involved a claim for damages where the statute of limitations only applied to equity cases.  *Id.* at 298.  Therefore, Defendant's argument is without merit and its affirmative defense of laches must be stricken.

**C.    Statute of Limitations.**

Defendant baldly asserts, "Defendant is not required to place facts into the record upon the 20 day answer that creates a "plausible" basis for a statute of limitations defense."  (Doc. 15 at 10).  However, Defendant fails to provide any authority to support its assertion.  In fact, as discussed above, this is exactly what is required.  As such, Defendant's statute of limitations defense must be stricken.

**D.    Failure to Mitigate.**

In support that its defense of failure to mitigate should not be stricken, Defendant only cites to *Hahn v. Best Recovery Services, LLC*, 2010 WL 4483375 (E.D. Mich. 2010).  However, that case incorrectly failed to apply the standards

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

set forth by *Twombly* and *Iqbal*.  As such, it must be distinguished.  As discussed in Plaintiff's motion, Defendant fails to provide any factual support of its argument that Plaintiff failed to mitigate her damages.  As such, the defense must be stricken.

### E.    Bona Fide Error.

Despite its argument that its defense of bona fide error should not be stricken, Defendant fails to provide any reasoning or relevant authority for this assertion.  This is because the defense of bona fide error must be stricken where the defense fails to provide notice of any specific error.  *See Racick v. Dominion Law Associates*, 270 F.R.D. 228, 235 (E.D. N.C. 2010); *Bradshaw*, 725 F.Supp.2d at 537 ("Paragraph 51 of Hilco's Answer must be stricken because it was not plead with sufficient particularity under Fed.R.Civ.P. 9(b).  In support of this affirmative defense, Hilco has merely copied the language of § 1692k(c), and has not plead facts that would give Bradshaw sufficient notice of specific mistake that Hilco is referencing.").  Therefore, Defendant's bona fide error defense must be stricken.

### F.    Attorneys' Fees.

Defendant argues that "lower courts have taken different views about when, and whether, the FDCPA requires an award of attorney fees."  (Doc. 15 at

Reply to Motion to Strike Affirmative Defenses - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

11).    However, this argument is without merit.    In the Ninth Circuit, "[t]he FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).    What views lower courts have taken are irrelevant when the Ninth Circuit has specifically addressed the issue.    Therefore, Defendant's affirmative defense must be stricken.

### G.    Good Faith.

As discussed in Plaintiff's motion, good faith is not a defense to an FDCPA violation.    (Doc. 10 at Section II(I)).    However, Defendant counters that it may be a further statement of its bona fide error defense.    (Doc. 15 at 12).    Under this argument, the defense must be stricken as redundant since Defendant also asserts a bona fide error defense.

Furthermore, Defendant argues that the defense is appropriate "when an act is performed in conformity with an advisory provision of the Federal Trade Commission."    (Doc. 15 at 12).    However, Defendant fails to identify any appropriate advisory provision it was acting in accordance with.    Furthermore, Defendant has never asserted that it acted in accordance with any FTC advisory provision.    (See Doc. 9).    In fact, in asserting its good faith defense, Defendant specifically states that it acted "without intent to harm Plaintiff."    (Doc. 9 at 14 ¶

Reply to Motion to Strike Affirmative Defenses - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

12).   Since the FDCPA is a strict liability statute, as discussed in Plaintiff's motion, Plaintiff need not show Defendant's intent to harm Plaintiff.

Therefore, Defendant's affirmative defense of good faith must be stricken.

WHEREFORE, Plaintiff respectfully requests the Court strike all Defendant Gordon's Affirmative Defenses.

Respectfully submitted this 5th day of April, 2011.

/s/ Jon N. Robbins
Jon N. Robbins (28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Reply to Motion to Strike Affirmative Defenses - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jon N. Robbins, hereby certify that on April 5, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Eastern District of Washington using the electronic case filing system of the court, which shall send notification of such filing to the following:

Kevin J. Curtis
Winston & Cashatt, Lawyers, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
kjc@winstoncashatt.com

Daniel N. Gordon
Daniel N. Gordon, P.C.
4023 West 1st Avenue
Eugene, Oregon 97402
Dgordonpc@aol..com

/s/ Jon N. Robbins
Jon N. Robbins

Reply to Motion to Strike Affirmative Defenses - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com