1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
7

8    TINA COLEMAN,
                                      NO. CV-10-428-EFS
9              Plaintiff,
                                      **ORDER GRANTING AND DENYING IN
10        v.                          PART PLAINTIFF'S MOTION TO
                                      STRIKE DEFENDANT DANIEL N.
11   DANIEL N. GORDON, P.C. and       GORDON, P.C.'S AFFIRMATIVE
     ASSET ACCEPTANCE, LLC,           DEFENSES and GRANTING
12                                    PLAINTIFF'S MOTION FOR LEAVE
               Defendants.            TO FILE FIRST AMENDED
13                                    COMPLAINT**

14

15        On May 4, 2011, a hearing occurred in the above-captioned matter.

16   Plaintiff Tina Coleman was represented by Jon Robbins.  Defendant Daniel

17   N. Gordon, P.C. ("Gordon Law Firm") was represented by Kevin Curtis, and

18   Daniel Gordon appeared on Defendant Asset Acceptance, LLC's ("Asset")

19   behalf.  Before the Court was Plaintiff's motion to strike, ECF No. 10,

20   the Gordon Law Firm's affirmative defenses because they are legally

21   insufficient and not supported by sufficient facts.  The Gordon Law Firm

22   opposes the motion, submitting that *Bell Atlantic v. Twombly*, 550 U.S.

23   544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), do not apply

24   to affirmative defenses and therefore affirmative defenses need not be

25   supported by facts.[1]  In reply, Plaintiff submits the Gordon Law Firm's

26

         [1] Although Asset was not required to file a response because

ORDER ~ 1

response was untimely because it was not filed within fourteen days of the motion.  Also before the Court, without oral argument, is Plaintiff's contested Motion for Leave to File First Amended Complaint, ECF No. 18. After reviewing the submitted material and relevant legal authority and hearing oral argument relating to the motion to strike, the Court is fully informed. For the reasons given below, the Court grants and denies the motion to strike and grants the motion to amend.

**A.  Plaintiff's Motion to Strike**

The Court first addresses the timeliness of the Gordon Law Firm's response.  Plaintiff's motion to strike was filed on March 15, 2011, and the Gordon Law Firm's response was filed fifteen days later.  Plaintiff contends the response is untimely under Local Rule 7.1(b)'s fourteen-day deadline.   Although the Gordon Law Firm's response was filed after fourteen days, it was timely because Federal Rule of Civil Procedure 6(d) adds three days to the response time period since electronic service was agreed to and used.

The Court now turns to the substance of Plaintiff's motion to strike.  Federal Rule of Civil Procedure 12(f) allows a Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (2010 rev. ed.).   Rule 12(f)'s purpose is to reduce expenditure of time and money

Plaintiff was not seeking relief against Asset, Asset did so.  Because Plaintiff is not seeking to strike Asset's affirmative defenses, the Court does not address Asset's arguments (although they largely mirror the Gordon Law Firm's arguments).

ORDER ~ 2

resulting from the litigation of unnecessary issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (noting that the purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues"), *rev'd on other grounds*, 510 U.S. 517 (1994)).

Although the parties agree as to the above Rule 12-striking standards, they disagree as to which Rule 8 pleading standard applies to affirmative defenses. Following the Supreme Court's *Iqbal* and *Twombly* decisions, which focused on Rule 8(a) (stating a claim for relief) (hereinafter referred to as "*Iqbal* Rule 8(a)'s pleading requirements"), courts have disagreed about whether *Iqbal*'s Rule 8(a)'s pleading requirements apply to affirmative defenses. *Compare Lane v. Page*, 2011 WL 693176 (D.N.M. Jan. 14, 2011) (determining that *Iqbal*'s pleading requirements do not apply to affirmative defenses), *with Castillo v. Roche Labs Inc.*, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying *Iqbal*'s Rule 8(a)'s pleading requirements to affirmative defenses and noting other cases reaching similar conclusion). After reviewing the rules and case law, the Court agrees with *Lane* that *Iqbal*'s Rule 8(a)'s pleading requirements do not apply to affirmative defenses: the Court's reasoning follows.[2]

Rule 8 has several subsections, including subsection (b) which is titled, "Defenses; Admissions and Denials," and subsection (c), which is

---

[2] However, as is explained below, the Court disagree's with *Lane*'s conclusion that Rule 8(b), as opposed to only Rule 8(c), applies to affirmative defenses.

ORDER ~ 3

titled, "Affirmative Defenses."   The district court in *Lane* concluded that Rule 8(b) applies to affirmative defenses because it broadly applies to "defenses."   2011 WL 693176 at 10 ("While [R]ule 8(c) provides additional requirements for affirmative defenses, these additional specific requirements are not contrary to the general requirements for all defenses under [R]ule 8(b), and the 'proper inquiry is how best to harmonize the impact of the two' sections." (citation omitted)).   The Court disagrees with this approach, i.e., reading Rule 8(b) as also applying to affirmative defenses.   Rather, the Court rules that Rule 8(c) solely governs the pleading of affirmative defenses.   *See First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009) (finding Rule 8(c) to be the "applicable rule for affirmative defenses"); and *Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, 2010 WL 2803907 (D. Ariz. July 15, 2010) ("The pleading of affirmative defenses is governed by Rule 8(c).").

Rule 8(c) requires the defending party to "affirmatively state any avoidance or affirmative defense . . . ."   In comparison, Rule 8(a) requires the pleader to include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   It is Rule 8(a)(2)'s "showing that the pleader is entitled to relief" language that the Supreme Court focused on to require the pleader to allege facts supporting relief under each claim.   *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").   Unlike Rule 8(a)(2), Rule 8(c) does not require the

defending party to show that it is "entitled to relief" on an affirmative defense.[3]  *See Lane*, 2011 WL 693176 at 11 ("The Court thinks the better construction is that the drafters omitted the requirement that defendants 'show' that they are 'entitled to relief,' because the pleading requirements for claims are different than the requirements for defenses."); *see also Soumediene v. Bush*, 553 U.S. 723, 778 (2008) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.").

In addition to the language differences between Rule 8(a) and 8(c), there are practical reasons for not requiring a defending party to include facts to support the affirmative defense.  While a plaintiff generally has up to the statute of limitations to engage in pre-filing discovery, the defending party has only twenty-one days to respond.  Fed. R. Civ. P. 12(a)(1)(A)(i) (setting a twenty-one day deadline after being served with the summons and complaint).  This short time frame indicates that the Federal Rules of Civil Procedure did not intend for a defending party to support an affirmative defense with factual allegations.  *See also Perez v. THG Constr., LLC*, 2009 WL 3482274, 1 (E.D. Wash. 2009) ("[T]he level of detail sought by Plaintiffs, prior to discovery being

---

[3]  Even if Rule 8(b) governs the pleading of affirmative defenses, the Court concludes Rule 8(b) does not require the defending party to show that it is "entitled to relief" on a defense and therefore *Iqbal*'s Rule 8(a)'s pleading requirements do not apply under Rule 8(b) either.

ORDER ~ 5

conducted, is not required of the Federal Rules of Civil Procedure");
*Holdbrook v. Saia Motor Freight Line, LLC*, 2010 WL 865380, 2 (D. Colo. 2010) ("[I]t is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defense.").

For these reasons, the Court denies Plaintiff's motion to strike in part: the Gordon Law Firm's affirmative defenses need not include a factual basis. Yet, the Ninth Circuit requires a defendant to give the plaintiff fair notice as to the legal basis for an affirmative defense.[4]

---

[4] The Court recognizes the Ninth Circuit's fair-notice requirement for an affirmative defense's legal basis is based on *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), and *Conley* was largely abrogated by *Twombly* and *Iqbal*. However, *Twombly* and *Iqbal* addressed Rule 8(a)(2)'s pleading requirements. And the Ninth Circuit has continued to rely on *Wyshak*'s fair-notice requirement. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*'s fair-notice-requirement language); *U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*, 348 Fed. Appx. 208, 210 (9th Cir. 2009) ("Lumbermans did not plead the defense sufficiently to give U-Haul and Republic Western fair notice"); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cr. 2008) (applying *Wyshak*, but ruling that plaintiff failed to identify how the answering party's manner of pleading did not provide fair notice of the statute-of-litigation defense). Therefore, the Court finds *Wyshak*'s fair-notice

*See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (requiring defendant to give plaintiff fair notice of the legal basis for the statute-of-limitations affirmative defense; and finding, under the circumstances, that the amended answer's bare "statute of limitations" affirmative defense was sufficient because the memorandum in support of the motion to file an amended answer provided the legal basis for the statute-of-limitations affirmative defense). An affirmative defense is a defense to a claim that precludes liability even if all of the elements of the plaintiff's claim are proven; it is not a negation of a required element. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002 ("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense."); *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (same) (citing Black's Law Dictionary 451 (8th ed. 2004)). Because an affirmative defense is connected to a specific claim, i.e., it avoids or affirmatively defends a specific claim, the responding party must identify the claim(s) an asserted affirmative defense is defending or avoiding to satisfy the Ninth Circuit's legal-basis fair-notice requirement. This requirement serves the purpose of Rule 8(c), which is to "avoid surprise and undue prejudice" to a plaintiff by providing "notice and the opportunity to demonstrate why the affirmative defense

---

requirement for an affirmative defense's legal basis is still good law. And requiring a defendant to include the legal basis for an affirmative defense is not inconsistent with the restrictions on the defendant's ability to engage in discovery before answering. Fed. R. Civ. P. 26(d).

ORDER ~ 7

should not succeed." *In re Sterten*, 546 F.3d 278,  285 (3d Cir. 2008); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (highlighting that Rule 8(c) requires an answering party to plead affirmative defenses "to give the opposing party notice of the . . . [affirmative defense] and a chance to argue, if he can, why the . . . [affirmative defense] is inappropriate").

With these affirmative-defense principles as its guide, the Court individually addresses each of the Gordon Law Firm's affirmative defenses.

1.  <u>Failure to State a Claim</u>

Plaintiff asks the Court to strike the Gordon Law Firm's failure-to-state-a-claim affirmative defense because 1) it is not a valid affirmative defense and 2) there is no factual explanation supporting it. Taking the last argument first, as is explained above, an affirmative defense must identify the claim to which it is asserted but need not be supported by a factual basis; therefore, the motion to strike is denied in part.

Yet, the Court grants Plaintiff's motion to strike this "affirmative defense" because it is not an affirmative defense. Fed. R. Civ. P., app. Form 30. *Iqbal* and *Twombly* make clear that a plaintiff must plead all required elements and facts supporting such in the complaint. Accordingly, a defendant raises a "failure to state a claim" defense by denying the specific factual allegation in the complaint under Rule 8(b)(1)(B) or "stat[ing] in short and plain terms its defense to each claim asserted against it" under Rule 8(b)(1)(A). In other words, "failure to state a claim" is a defense raised through Rule 8(b), rather

than an affirmative defense raised through Rule 8(c).  *But see Lane*, 2011 WL 693176 (finding defendants' failure-to-state-a-claim defense to be adequately plead as an affirmative defense).  The Gordon Law Firm is given leave to amend its Rule 8(b) defenses to clarify that Plaintiff fails to state a claim.

> 2.   <u>Unclean Hands, Estoppel, Laches, and Waiver</u>

Plaintiff contends the Gordon Law Firm's second affirmative defenses, "Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, laches and/or waiver," must be struck because there is no factual basis for these affirmative defenses.  Further, Plaintiff argues that laches is not an available affirmative defense because this action is governed by 15 U.S.C. § 1692k(a)(3)'s one-year statute of limitations.  The Gordon Law Firm contends it may plead these affirmative defenses in a conclusory manner; however, it does not address Plaintiff's argument that laches is not an available affirmative defense in this case.

As explained above, the Court denies the "factual basis" challenge. And although the Gordon Law Firm's citation to the principles of unclean hands, estoppel, laches, and waiver is bare and not supported by a citation to a case, the Court finds these bare references are sufficient to satisfy the Ninth Circuit's legal-basis fair-notice requirement for these affirmative defenses *so long as* the Gordon Law Firm identifies the claim(s) to which these affirmative defenses apply in its amended answer. Therefore, Plaintiff's motion to strike is granted and denied in part. If the Gordon Law Firm elects to include laches as an affirmative defense

ORDER ~ 9

1  in its amended answer, Plaintiff may file a motion to strike focusing on

2  whether laches is an appropriate affirmative defense in a FDCPA action.

3      3.   <u>Statute of Limitations</u>

4      Plaintiff argues the Gordon Law Firm likewise failed to provide any

5  underlying facts to support this affirmative defense.  Although a statute

6  of limitations is an affirmative defense and a factual basis need not be

7  pled, the Court grants the motion to strike because the Gordon Law Firm

8  failed to identify, in either its answer or its opposition to the motion

9  to strike, which claim is barred by a statute of limitations and the

10 applicable statute of limitations. *Cf. Wyshak*, 607 F.2d at 837 (legal-

11 basis notice provided in memorandum).   The Gordon Law Firm is granted

12 leave to amend this affirmative defense to fairly notify Plaintiff as to

13 what claim it applies and its legal basis.

14     4 - 7.   <u>Causation</u>

15     The Gordon Law Firm's fourth through seventh affirmative defenses

16 focus on causation:

17      4.   If Plaintiff suffered any damage, it was the direct and
          proximate result of intervening, superseding acts or
18        omissions not attributable to this answering defendant.
       5.   Any damage as alleged in Plaintiff's Complaint was a
19        direct and proximate result of the fault of the Plaintiff.
       6.   If Plaintiff sustained any injury or damage, the same was
20        the direct and proximate result, in whole or in part, of
          other Defendants in this action.
21      7.   Any damages as alleged in Plaintiff's Complaint were a
          direct and proximate result of third persons over whom
22        this answering defendant had no control or right to
          control.
23
   ECF No. 9, at 13.   Again Plaintiff asks the Court to strike these
24
   conclusory causation affirmative defenses.  The Gordon Law Firm did not
25
   specifically address this portion of Plaintiff's motion.
26

ORDER ~ 10

1  Because these causation "affirmative defenses" are not affirmative
2  defenses but rather denials contending that Plaintiff cannot prove the
3  required causation element, the Court grants the motion to strike in
4  part. *See Zivkovic*, 302 F.3d at 1088.   The Gordon Law Firm is given
5  leave to amend its Rule 8(b) denials to allege that Plaintiff cannot
6  prove causation.
7       8.   <u>Failure to Mitigate</u>
8       Plaintiff argues 1) failure to mitigate damages is not a defense to
9  a FDCPA action seeking statutory damages and 2) no factual support is
10 provided for the affirmative defense.   The Gordon Law Firm contends that
11 failure to mitigate is a potential defense to a FDCPA claim.

12      Again, Plaintiff's factual-basis argument is denied.   Further,
13 because Plaintiff seeks actual damages (in addition to statutory
14 damages), and failure to mitigate is an affirmative defense to a claim
15 for actual damages, the Gordon Law Firm may assert a failure-to-mitigate
16 affirmative defense.   *Glover v. Mary Jane M. Elliot, P.C.*, 2007 WL
17 2904050, 3 (W.D. Mich. Oct. 2, 2007).   Plaintiff's motion to strike
18 denied in part.

19      9 & 10.   <u>Bona Fide Error</u>
20      The Gordon Law Firm's ninth and tenth affirmative defenses maintain
21 that it is not liable because it engaged in due diligence.   Plaintiff
22 contends these affirmative defense must be struck because there are no
23 facts asserted to support that reasonable preventative procedures were
24 adopted and used.

25      Again, Plaintiff's factual-basis argument is denied.   In addition,
26 the Court finds affirmative defense no. 9 contains a sufficient legal

1   basis as it cites to the statutory provision upon which it is based.

2   However, affirmative defense no. 10 must contain a statutory cite or

3   other legal citation to fairly notify Plaintiff of its legal basis.

4   Accordingly, Plaintiff's motion is granted (no. 10) and denied (no. 9)

5   in part; the Gordon Law Firm is given leave to amend its tenth

6   affirmative defense.  It its amended answer, the Gordon Law Firm is to

7   also identify which claims these affirmative defenses apply to.

8        11.  <u>Technical FDCPA Violation</u>

9        The Gordon Law Firm's eleventh affirmative defense states, "[a]ny

10  technical violation of the FDCPA proven by the Plaintiff will not support

11  an award of reasonable attorney's fees without establishment of actual

12  or additional damages."  ECF No. 9, at 14.   Plaintiff asks the Court to

13  strike this affirmative defense because it misstates the law.  The Gordon

14  Law Firm contends the Court has discretion to calculate attorney fees

15  under the FDCPA especially where the plaintiff's suit is brought in bad

16  faith or for the purpose of harassment.

17       The Gordon Law Firm is correct that the Court may elect not to award

18  a prevailing plaintiff fees and rather award a defendant fees if it finds

19  the action was "brought in bad faith and for the purpose of harassment."

20  15 U.S.C. § 1692k(a)(3).  However, the Gordon Law Firm's eleventh

21  affirmative defense is not phrased to capture this statutory provision.

22  Rather, it states that Plaintiff is not entitled to attorney's fees

23  without proving actual or additional damages.  This is an incorrect

24  statement of the law.  If Plaintiff proves an actual FDCPA violation and

25  brings the action in good faith and not for harassment purposes, then an

26  award of attorney's fees to Plaintiff is mandatory regardless of whether

Plaintiff was actually damaged.    *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA,* 130 S. Ct. 1605 (2010) ("Successful [FDCPA] plaintiffs are entitled to 'actual damage[s],' plus costs and 'a reasonable attorney's fee as determined by the court." (quoting 15 U.S.C. §1692k(a)). Accordingly, as written the Gordon Law Firm's eleventh affirmative defense is stricken, but the Gordon Law Firm is given leave to assert an affirmative defense under § 1692k(a)(3) if it believes such is appropriate and it identifies to which claims it applies.

12.  Good Faith

Plaintiff asks the Court to strike the twelfth affirmative defense —good faith— because the FDCPA is a strict liability statute and therefore intentional conduct is not required.    The Gordon Law Firm submits that it is entitled to plead good faith, as an extension of the bona fide error affirmative defense, and engage in discovery to determine whether the complained-of conduct was done in good faith.    In reply, Plaintiff submits that this defense should be stricken as redundant because it duplicates the Gordon Law Firm's bona fide error defense.    The Court agrees and strikes this affirmative defense because it duplicates the Gordon Law Firm's ninth and tenth affirmative defenses.

13.  Reserve Right to Assert Additional Affirmative Defenses

Because Federal Rule of Civil Procedure 15(a) allows a defendant to seek leave to assert additional affirmative defenses upon a showing of good cause, Plaintiff asks the Court to strike the thirteenth affirmative

1  defense.    The Court agrees: the thirteenth "affirmative defense" is

2  stricken.

3  **B.    Plaintiff's Motion for Leave to File First Amended Complaint**

4      Plaintiff seeks leave under Federal Rule of Civil Procedure 15(a)

5  to file an amended complaint to add Washington Collection Agency Act

6  (CAA) and Consumer Protection Act (CPA) claims.    Defendants oppose the

7  motion, contending that amendment is unduly late and futile.

8      Rule 15 governs amendment of pleadings. "A party may amend the

9  party's pleading . . . [after a responsive pleading is served] only by

10  leave of court or by written consent of the adverse party; and leave

11  shall be freely given when justice so requires." *Id.*    Rule 15 is to be

12  applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*,

13  316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission*

14  *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

15          In the absence of any apparent or declared reason—such as undue
        delay, bad faith or dilatory motive on the part of the movant,
16      repeated failure to cure deficiencies by amendments previously
        allowed, undue prejudice to the opposing party by virtue of
17      allowance of the amendment, futility of amendment, etc.—the
        leave sought should, as the rules require, be "freely given."
18
*Foman v. Davis*, 371 U.S. 178, 182 (1962).    Not all of the factors merit
19
equal weight.    *Eminence Capital, LLC*, 316 F.3d at 1052. In fact,
20
prejudice to the opposing party is given the most consideration, *id.*;
21
while, delay alone is an insufficient reason to deny the motion to amend.
22
*Loehr v. Ventura Cnty. Cmty Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir.
23
1984).    "Absent prejudice, or a strong showing of any of the remaining
24
*Foman* factors, there exists a *presumption* under Rule 15(a) in favor of
25

26

granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052; *see Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

Although Plaintiff could have asserted the proposed CAA and CPA claims in its initial Complaint, there is no evidence that its delay was undue, dilatory, or caused by bad faith.  Also, given the early stage of this litigation, Defendants will not be unduly prejudiced by the allowance of the amendment.  The merits of these claims can be addressed through a motion to dismiss, summary judgment, and/or trial.  The presumption favoring granting leave to amend has not been rebutted. Accordingly, the Court grants Plaintiff leave to amend.

**C.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion to Strike Defendant Daniel N. Gordon, P.C.'s Affirmative Defenses, **ECF No. 10**, is **DENIED** (*Iqbal*'s Rule 8(a)'s pleading requirements do not apply to affirmative defenses, and No. 2, 8, and 9 are sufficient so long as related to specific claim(s) in amended answer) **and GRANTED** (Nos. 1 and 4 - 7 are not affirmative defenses but may be replead as denials; Nos. 3, 10, and 11 are struck but may be replead if supported by a legal basis and related to specific claim(s); No. 12 is struck as duplicative; and No. 13 is struck because unnecessary).

///

///

///

///

//

/

2.    Plaintiff's Motion for Leave to File First Amended Complaint, **ECF No. 18**, is **GRANTED.**    Plaintiff shall promptly file her proposed amended complaint.    And Defendants may then file their amended answers.

**IT IS SO ORDERED.**    The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this $\underline{20^{th}}$ day of May 2011.


                        _____s/Edward F. Shea_____
                                EDWARD F. SHEA
                        United States District Judge


Q:\Civil\2010\0428.strike.wpd

ORDER ~ 16