Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
Telephone: (509) 838-6131

Attorneys for Defendant,
 Daniel N. Gordon, P.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA COLEMAN,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>DANIEL N. GORDON, P.C., and ASSET<br>ACCEPTANCE, LLC,<br><br>                                    Defendants. | No. CV-10-428-EFS<br><br>DEFENDANT DANIEL N. GORDON,<br>P.C.'S FIRST AMENDED ANSWER<br>TO PLAINTIFF'S FIRST AMENDED<br>COMPLAINT |

    Daniel N. Gordon, P.C., responds to Plaintiff's First Amended Complaint as

follows:

//

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## NATURE OF ACTION

1.      This answering defendant admits that Plaintiff's First Amended Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), the Washington Collection Act ("WCA") and the Washington Consumer Protection Act ("WCPA") in paragraph 1.  This answering defendant denies the remainder of the allegations in paragraph 1.

## JURISDICTION AND VENUE

2.      This answering defendant admits the allegations in paragraph 2.

3.      This answering defendant admits the allegations in paragraph 3.

## PARTIES

4.      This answering defendant denies the allegations in paragraph 4.

5.      As to the allegations in paragraph 5, they are allegations of law and do not necessitate an answer and, therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant lacks sufficient information to admit or deny and therefore denies the same.

6.      As the allegations contained in paragraph 6 are not directed to this defendant, this answering defendant deems that no responsive pleading is necessary.  To the extent that an answer is required this answering defendant lacks

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

sufficient information to admit or deny the allegations contained in paragraph 6 and, therefore, denies the same.

7.    As the allegations contained in paragraph 7 are not directed to this defendant, this answering defendant deems that no response is necessary.  To the extent a response is required, this answering defendant admits that Asset Acceptance LLC is a Delaware limited liability company and lacks sufficient information to admit or deny the remaining allegations in paragraph 7 and, therefore, denies the same.  Additionally, to the extent they are allegations of law, they do not necessitate an answer, and therefore this answering defendant denies the same

8.    This answering defendant admits the allegations in paragraph 8.

9.    This answering defendant admits the allegations in paragraph 9.

10.    This answering defendant denies the allegations in paragraph 10.

11.    This answering defendant denies the allegations in paragraph 11.

12.    This answering defendant denies the allegations in paragraph 12.

13.    As to the allegations in paragraph 13, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

To the extent an answer is required, this answering defendant denies the allegations in paragraph 13.

14.     As to the allegations in paragraph 14, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant denies the allegations in paragraph 14.

15.     As to the allegations in paragraph 15, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same.

16.     As to the allegations in paragraph 16, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant denies the allegations in paragraph 16.

17.     This answering defendant admits the allegations in paragraph 17.

18.     As to the allegations in paragraph 18, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant denies the allegations in paragraph 18.

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## FACTUAL ALLEGATIONS

19.     This answering defendant admits that plaintiff is a natural person obligated, or allegedly obligated to pay a debt owed or due.   This answering defendant denies the remainder of the allegations in paragraph 19.

20.     This answering defendant lacks sufficient information to admit or deny the allegations contained in paragraph 20 and, therefore, denies the same.

21.     This answering defendant denies the allegations in paragraph 21.

22.     As the allegations contained in paragraph 22 are not directed to this defendant, this answering defendant deems that no response is necessary.   To the extent an answer is required, this answering defendant lacks sufficient information and knowledge to admit or deny the allegations in paragraph 22 and, therefore, denies the same.

23.     As the allegations contained in paragraph 23 are not directed to this defendant, this answering defendant deems that no response is necessary.   To the extent an answer is required, this answering defendant lacks sufficient information and knowledge to admit or deny the allegations in paragraph 23 and, therefore, denies the same.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

24.    As the allegations contained in paragraph 24 are not directed to this defendant, this answering defendant deems that no response is necessary.  To the extent an answer is required, this answering defendant denies the allegations in paragraph 24.

25.    This answering defendant admits it attempted to collect a debt owed its client from plaintiff and admits this answering defendant is not a licensed collection agency within the State of Washington.  This answering defendant denies all other inferences from the allegations in paragraph 25.

26.    This answering defendant admits the allegations in paragraph 26.

27.    This answering defendant denies the allegations in paragraph 27.

28.    This answering defendant denies the allegations in paragraph 28.

29.    This answering defendant denies the allegations in paragraph 29.

30.    This answering defendant denies the allegations in paragraph 30.

31.    This answering defendant denies the allegations in paragraph 31.

32.    This answering defendant denies the allegations in paragraph 32.

33.    As to the allegations in paragraph 33, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same.

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

To the extent an answer is required, this answering defendant denies the allegations in paragraph 29.

34.    This answering defendant admits that plaintiff sent correspondence dated November 23, 2009, which speaks for itself. This answering defendant denies the remainder of the allegations in paragraph 34.

35.    This answering defendant denies the allegations in paragraph 35.

36.    This answering defendant denies the allegations in paragraph 36.

37.    This answering defendant denies the allegations in paragraph 37.

38.    This answering defendant admits it filed an Application for Writ of Garnishment in the District Court for the County of Snohomish and served Notice to plaintiff at plaintiff's last known address at that time.

39.    This answering defendant lacks sufficient information to admit or deny the allegations in paragraph 39 and, therefore, denies the same.

40.    This answering defendant admits that garnishment proceedings were filed in the same judicial district in which the underlying judgment had been entered in accordance with RCW 6.27.020. This answering defendant lacks sufficient knowledge to admit or deny the remainder of the allegations in paragraph 40 and, therefore, denies the same.

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 7



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

41.    As it is unclear as to the time frames plaintiff is referring to in paragraph 41, this answering defendant is unable to fully admit or deny the allegations.  This answering defendant admits that sometime in late 2009, which is after garnishment proceedings had commenced, it became aware that plaintiff was residing in Spokane and received a letter from plaintiff dated November 23, 2009 with a Spokane address.  This answering defendant further admits that garnishment proceedings continued in Snohomish County pursuant to RCW 6.27.020.

42.    This answering defendant denies the allegations in paragraph 42.

43.    This answering defendant admits they continued efforts to collect on the default judgment after receiving plaintiff's letter of November 23, 2009.  This answering defendant denies the remainder of the allegations in paragraph 43.

44.    This answering defendant admits that plaintiff brought action to vacate the default judgment in Snohomish County through different counsel. Plaintiff's motion was set for June 18, 2010 and at that time the court continued the matter until such time as plaintiff wished to reset the hearing.  As of this time, plaintiff has failed to reset the hearing and there are no pending motions before the court.



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

## COUNT I
## VIOLATION OF THE FDCPA, §1692g(a)

3

4

45.    This answering defendant repeats and realleges every answer set forth above.

5

6

46.    This answering defendant denies the allegations in paragraph 46.

7

47.    This answering defendant denies the allegations in paragraph 47.

8

9

48.    As the allegations contained in paragraph 48 are not directed to this defendant, this answering defendant deems that no response is necessary.

10

11

This answering defendant denies plaintiff is entitled to the relief requested.

12

## COUNT II
## VIOLATION OF THE FDCPA, §1692g(b)

13

14

49.    This answering defendant repeats and realleges each and every answer set forth above.

15

16

50.    This answering defendant denies the allegations in paragraph 50.

17

51.    This answering defendant denies the allegations in paragraph 51.

18

19

52.    As the allegations contained in paragraph 52 are not directed to this defendant, this answering defendant deems that no response is necessary.

20

21

This answering defendant denies that plaintiff is entitled to the requested relief.

22

23

24

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

**COUNT III**
**VIOLATION OF THE FDCPA, §1692i(a)(2)**

3       53.    This answering defendant repeats and realleges each and every answer

4   set forth above.

5

6       54.    This answering defendant denies the allegations in paragraph 54 and

7   further asserts it acted in conformance with RCW 6.27.020.

8       55.    As to the allegations in paragraph 55, they are allegations of law and

9   do not necessitate an answer; therefore, this answering defendant denies the same.

10  To the extent an answer is required, this answering defendant denies the allegations

11

12  in paragraph 55.

13      56.    This answering defendant admits that it became aware sometime in

14  late 2009 that plaintiff was residing in Spokane, Washington.   This answering

15

16  defendant denies the remainder of the allegations in paragraph 56.

17      57.    This answering defendant denies the allegations in paragraph 57.

18      58.    As the allegations contained in paragraph 58 are not directed to this

19  defendant, this answering defendant deems that no response is necessary.

20      This answering defendant denies plaintiff is entitled to the requested relief.

21

22

23

24

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 10



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## COUNT IV
## VIOLATION OF THE FDCPA, §1692f

59.    This answering defendant repeats and re-alleges each and every answer set forth above.

60.    Paragraph 60 does not appear to contain any factual allegation that requires a response.

61.    As to the allegations in paragraph 61, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant denies the allegations in paragraph 61.

62.    As to the allegations in paragraph 62, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant denies the allegations in paragraph 62.

### Defendants Violated 15 U.S.C. § 1692f In Seeking Entry Of Judgment Against Plaintiff Absent Necessary And Proper Notice Of The Same

63.    This answering defendant denies the allegations in paragraph 63.

64.    This answering defendant admits the allegations in paragraph 64.

65.    This answering defendant denies the allegations in paragraph 65.

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 11

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

66.    This answering defendant denies the allegations in paragraph 66.

67.    This answering defendant admits the allegations in paragraph 67.

68.    This answering defendant admits that plaintiff contacted them in October of 2009. This answering defendant denies the remainder of the allegations in paragraph 68.

69.    This answering defendant denies the allegations in paragraph 69.

70.    This answering defendant denies the allegations in paragraph 70.

71.    This answering defendant lacks sufficient information to admit or deny the allegations in paragraph 71 and therefore denies the same.

**Defendants Violated 15 U.S.C. § 1692f In Purposefully Delaying Efforts To Collect The Subject Debt**

72.    This answering defendant denies the allegations in paragraph 72.

73.    As the allegations contained in paragraph 73 are not directed to this defendant, this answering defendant deems that no response is necessary.

74.    This answering defendant denies the allegations in paragraph 74.

75.    This answering defendant denies the allegations in paragraph 75.

76.    This answering defendant denies the allegations in paragraph 76.

77.    This answering defendant denies the allegations in paragraph 77.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**Defendants Violated 15 U.S.C. § 1692f In Failing To Provide Plaintiff With Notice Of Writ Of Garnishment As Required By Washington Law.**

78.    Upon information and belief, plaintiff has correctly cited RCW 6.27.130.

79.    This answering defendant lacks sufficient information to admit or deny the allegations in paragraph 79 and therefore denies the same.

80.    This answering defendant denies the allegations in paragraph 80.

81.    As the allegations contained in paragraph 81 are not directed to this defendant, this answering defendant deems that no response is necessary.

**Defendants Violated 15 U.S.C. §1692f in Collecting or Attempting to Collect a Debt from Plaintiff without the Requisite Washington Collection Agency License.**

82.    This answering defendant denies the allegations in paragraph 82.

83.    This answering defendant denies the allegations in paragraph 83.

84.    This answering defendant admits the allegations in paragraph 84 to the extent they are directed to this answering defendant.  As to the allegations not directed to this answering defendant, this answering defendant deems no answer is necessary.



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

85.    This answering defendant admits it was not a licensed debt collection agency within the State of Washington at the time it attempted to collect on the default judgment entered against plaintiff. This answering defendant denies all other allegations of paragraph 85.

86.    Upon information and belief, plaintiff has correctly cited RCW 19.16.110.

87.    Upon information and belief, plaintiff has correctly cited RCW 19.16.260.

88.    This answering defendant denies the allegations in paragraph 88.

89.    This answering defendant admits it brought and maintained a court action without alleging or proving it is duly licensed and bonded, but denies all other allegations of paragraph 89.

90.    This answering defendant denies the allegations in paragraph 90.

This answering defendant denies plaintiff is entitled to the requested relief.

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 14

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1

2

## COUNT V
## VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

3

4      91.     This answering defendant denies the allegations set forth in paragraph 91.

5

6      92.     This answering defendant admits it sought to collect from Plaintiff a

7   debt owed its client.  As the remaining allegations in paragraph 92 are not directed

8   at this answering defendant, defendant deems no answer is necessary.

9      93.     This answering defendant admits the allegations in paragraph 93.

10

11     94.     As to the allegations in paragraph 94, they are allegations of law and

12  do not necessitate an answer; therefore, this answering defendant denies the same.

13  To the extent an answer is required, this answering defendant denies the allegations

14  in paragraph 94.

15     95.     This answering defendant admits the allegations in paragraph 95.

16

17     96.     As to the allegations in paragraph 96, they are allegations of law and

18  do not necessitate an answer; therefore, this answering defendant denies the same.

19  To the extent an answer is required, this answering defendant denies the allegations

20  in paragraph 96.

21

22     97.     This answering defendant denies the allegations in paragraph 97.

23

24

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 15

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

98.    This answering defendant denies the allegations in paragraph 98.

This answering defendant denies plaintiff is entitled to the requested relief.

## COUNT VI
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

99.    This answering defendant denies the allegations in paragraph 99.

100.    Upon information and belief, plaintiff has correctly cited RCW 19.16.440.

101.    As to the allegations in paragraph 101, they are allegations of law and do not necessitate an answer; therefore, this answering defendant denies the same. To the extent an answer is required, this answering defendant denies the allegations in paragraph 101.

This answering defendant denies plaintiff is entitled to the requested relief.

## GENERAL DENIALS

Further answering Plaintiff's First Amended Complaint and by way of general denials, this answering defendant alleges as follows:

102.    Plaintiff's claims, in whole or in part, fail to state claims upon which relief can be legally granted against this answering defendant.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

103.  Plaintiff will not be able to establish as to any of her claims that any damages were proximately caused by this answering defendant, but were instead caused by others for whom defendant has no liability, to-wit:

a.      if plaintiff suffered any damage, it was the direct and proximate result of intervening, superseding acts or omissions not attributable to this answering defendant;

b.      any damage as alleged in Plaintiff's First Amended Complaint was a direct and proximate result of the fault of the plaintiff;

c.      if plaintiff sustained any injury or damage, the same was the direct and proximate result, in whole or in part, of other defendants in this action;

d.      any damages as alleged in Plaintiff's First Amended Complaint were a direct and proximate result of third persons over whom this answering defendant had no control or right to control.

104.  As to Count V, the alleged violation of the WCAA, plaintiff cannot establish attorneys are subject to the WCAA.



*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

105.    As to Count VI, the alleged violation of the WCPA, plaintiff cannot establish the conduct alleged to have violated the WCPA involve entrepreneurial aspects of the practice of law.

## TRIAL BY JURY

106.    This answering defendant is entitled to and hereby demands a trial by jury.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's First Amended Complaint and by way of affirmative defenses, this answering defendant alleges as follows:

1.    Plaintiff's claims under Counts I, II and III are barred by the doctrine of unclean hands, estoppel and/or waiver.

2.    Plaintiff's claims under Counts I through IV, in whole or in part, are barred by the applicable statute of limitations, 15 U.S.C. §1692k(d).

3.    Plaintiff has failed to mitigate actual damages, if any, that were caused by violations alleged in Counts I through VI.

4.    This answering defendant specifically denies any violations of 15 U.S.C. § 1692, et seq.  Notwithstanding the foregoing, any alleged violations in Counts I, II and IV were not intentional and resulted from a bona fide error

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 18

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

notwithstanding the maintenance of procedures reasonably adopted to avoid any such alleged error.  Therefore, this answering defendant is not liable pursuant to 15 U.S.C. § 1692k(c).

5.     Plaintiff is entitled to an award of attorney's fees under 15 U.S.C. §1692k(a)(3) (Counts I through IV) only "in a successful action to enforce" liability under 15 U.S.C. §1692k(a)(1) or (2).   Any technical violation of the FDCPA proven by the plaintiff will not support an award of reasonable attorney's fees without establishment of actual or statutory damages, as provided under 15 U.S.C. §1692k(a)(1) or (2).  Dechert v. Cadle Co., 441 F.3d 474, 475-76 (7th Cir. 2006); Johnson v. Easton, 80 F.3d 148, 151 (5th Cir. 1996); see also Farrar v. Hobby, 506 U.S. 103, 120, 113 S. Ct. 566 (1992).

6.     Plaintiff has brought this action in bad faith and for the purpose of harassment.  Therefore, the Court may award this answering defendant reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE having fully answered Plaintiff's First Amended Complaint and having asserted affirmative defenses, this answering defendant prays for the following relief:

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 19

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1      1.     That Plaintiff's First Amended Complaint be dismissed or that judgment be entered in its favor on the allegations stated therein.

      2.     That this answering defendant receive its costs of suit and disbursements incurred herein, including statutory attorney fees, and if appropriate, reasonable attorney fees.

      3.     That this answering defendant be granted leave to amend these pleadings to assert additional answers, affirmative defenses, counterclaims, cross claims, or third party claims justified by the facts of this case as learned in discovery and/or abandon those which are not supported by the facts.

      4.     That this answering defendant receive such other and further relief as the Court deems just and proper.

      DATED this 8th day of June, 2011.

                    <u>s/Kevin J. Curtis, WSBA No. 12085</u>
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendant Daniel N.
Gordon, P.C.
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

DEFENDANT DANIEL N. GORDON, P.C.'S
FIRST AMENDED ANSWER . . .
PAGE 20



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1    I hereby certify that on June 8, 2011, I electronically filed the foregoing with

2    the Clerk of the Court using the CM/ECF System which will send notification of

3    such filing to the following:

4

5    Jon N. Robbins
     Weisberg & Meyers
6    jrobbins@attorneysforconsumers.com

7    Attorney for Plaintiff

8

     Daniel N. Gordon
9    Daniel N. Gordon, P.C.
     Dgordonpc@aol.com
10

11   Attorney for Defendant Asset Acceptance, LLC

12

13                              s/Kevin J. Curtis, WSBA No. 12085
                                WINSTON & CASHATT, LAWYERS, a
14                              Professional Service Corporation
                                Attorney for Defendant Daniel N.
15                              Gordon, P.C.
                                601 W. Riverside, Ste. 1900
16                              Spokane, WA 99201
                                (509) 838-6131
17                              Facsimile:  (509) 838-1416
                                E-mail Address:  kjc@winstoncashatt.com
18

19

20

21

22

23

24   DEFENDANT DANIEL N. GORDON, P.C.'S              *Winston & Cashatt*
     FIRST AMENDED ANSWER . . .                      A PROFESSIONAL SERVICE CORPORATION
     PAGE 21                                         1900 Bank of America Financial Center
                                                     601 West Riverside
                                                     Spokane, Washington 99201
                                                     (509) 838-6131