Daniel N. Gordon, WSB # 32186
DANIEL N. GORDON, P.C.
4023 West 1st Avenue
PO Box 22338
Eugene, OR 97402
Phone: (541) 342-2276
Fax: (541) 343-8059
dgordonpc@aol.com
Attorney for Defendant Asset Acceptance, LLC

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA COLEMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL N. GORDON, P.C., AND ASSET ACCEPTANCE, LLC,<br><br>    Defendants. | Case No. CV-10-428-EFS<br><br>DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant Asset Acceptance, LLC ("Asset"), appearing for itself and no others, hereby answers ("Answer") the First Amended Complaint ("Complaint") of Plaintiff Tina Coleman ("Plaintiff"), as follows:

## NATURE OF ACTION

1. Defendant Asset admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*. Defendant Asset denies any and all liability, wrongdoing, and damages to the extent alleged in ¶ 1. Except as expressly admitted, Defendant Asset denies the remaining allegations in ¶ 1.

## JURISDICTION AND VENUE

2. Defendant Asset admits to the allegations contained in ¶ 2 for jurisdiction purposes only. Except as expressly admitted, Defendant Asset denies the remaining allegations in ¶ 2.

Page 1 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

3. Defendant Asset admits the allegations contained in ¶ 3 for venue purposes only. Except as expressly admitted, Defendant Asset denies the remaining allegations in ¶ 3.

## PARTIES

4. Defendant Asset lacks sufficient information to answer the allegations contained in ¶ 4, and on that basis denies the same.

5. The allegation contained in ¶ 5 that Plaintiff is a "consumer" as defined by statute is a legal conclusion which does not require an admission or denial. Defendant Asset refers all matters of law to the court. Except as expressly admitted, Defendant Asset lacks sufficient information to answer the remaining allegations contained in ¶ 5, and on that basis denies the same.

6. Defendant denies the allegations in ¶ 6.

7. Defendant Asset admits it is a limited liability company. The allegations contained in ¶ 7 that Defendant Asset is a "debt collector" and is in the business of attempting to collect a "debt"from Plaintiff as those terms are defined by statute are legal conclusions which do not require an admission or denial. Defendant refers all matters of law to the court. Except as expressly admitted, Defendant Asset denies the remaining allegations contained in ¶ 7.

8. The allegations in ¶ 8 are not directed at this answering Defendant, and do not require an admission or denial from this answering Defendant. To the extent a response is required from this answering Defendant, Asset states that it lacks sufficient information to answer the3 allegations contained in ¶ 8, and on that basis denies the same.

9. Based on information and belief, Defendant Asset admits ¶ 9.

10. Defendant Asset lacks sufficient information to answer the allegations contained in ¶ 10, and on that basis denies the same.

11. To the extent the allegations of ¶ 11 are directed at this answering Defendant, Asset denies the allegations in ¶ 11. To the extent the allegations of ¶ 11 are directed at defendants other than this answering Defendant, Asset lacks sufficient information to answer the allegations contained in ¶ 11, and on that basis denies the same. Except as expressly

Page 2 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P O Box 22338
Eugene, OR 97402
Phone: (541) 342-2276   FAX: (541) 343-8059

admitted, Defendant Asset lacks sufficient information to answer the allegations contained in ¶ 11, and based thereon denies the same.

12. Defendant Asset denies all the allegations contained in ¶ 12.

13. Defendant Asset denies all the allegations contained in ¶ 13.

14. Defendant Asset denies all the allegations contained in ¶ 14.

15. To the extent the allegations of ¶ 15 are directed at this answering Defendant, Asset denies the allegations in ¶ 15. On all other allegations Asset has no obligation to submit an answer and will leave an answer thereto to the relevant defendant.

16. The allegations in ¶ 16 are not directed at this answering Defendant, and do not require an admission or denial from this answering Defendant. To the extent a response is required from this answering Defendant, Asset states that it lacks sufficient information to answer the allegations contained in ¶ 16, and on that basis denies the same.

17. The allegations in ¶ 17 are not directed at this answering Defendant, and do not require an admission or denial from this answering Defendant. To the extent a response is required from this answering Defendant, Asset states that it lacks sufficient information to answer the allegations contained in ¶ 17, and on that basis denies the same.

18. The allegations in ¶ 18 are not directed at this answering Defendant, and do not require an admission or denial from this answering Defendant. To the extent a response is required from this answering Defendant, Asset states that it lacks sufficient information to answer the allegations contained in ¶ 18, and on that basis denies the same.

### FACTUAL ALLEGATIONS

19. Defendant Asset lacks sufficient information to answer the allegations contained in ¶ 19, and based thereon denies the same.

20. Defendant Asset lacks sufficient information to answer the allegations contained in ¶ 20, and based thereon denies the same.

21.. To the extent the allegations of ¶ 21 are directed at this answering Defendant, Asset denies the allegations in ¶ 21. On all other allegations Asset has no obligation to submit

Page 3 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8059

an answer and will leave an answer thereto to the relevant defendant.

22. Defendant Asset purchases debts. Except as specifically admitted, Asset denies each and every other allegation contained in ¶ 19.

23. Defendant Asset acquired Plaintiff's debt. Except as specifically admitted, Asset denies each and every other allegation contained in ¶ 23.

24. Defendant Asset denies the allegations of ¶ 24 and the whole thereof.

25. The allegations in ¶ 25 are not directed at this answering Defendant, and do not require an admission or denial from this answering Defendant. To the extent a response is required from this answering Defendant, Asset states that it lacks sufficient information to answer the allegations contained in ¶ 25, and on that basis denies the same.

26. Defendant Asset has no personal knowledge with respect to the allegations of ¶ 26, and therefore, denies each and every allegation of the paragraph.

27. Defendant Asset denies the allegations of ¶ 27.

28. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 28, and therefore, denies each and every material allegation contained therein.

29. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 29 and therefore, denies each and every material allegation contained therein.

30. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 30, and therefore, denies each and every material allegation contained therein.

31. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 31, and therefore, denies each and every material allegation contained therein.

32. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 32, and therefore, denies each and every material allegation contained therein.

33. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 33, and therefore, denies each and every material allegation contained therein.

34. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 34, and therefore, denies each and every material allegation contained therein.

Page 4 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8059

35.  It is unclear to Defendant Asset what "validation documentation" means. Therefore, Defendant Asset denies the allegations in ¶ 35.

36.  Defendant Asset denies the allegations in ¶ 36.

37.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 37, and therefore, denies the same.

38.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 38, and therefore, denies the same.

39.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 39, and therefore, denies the same.

40.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 40, and therefore, denies the same.

41.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 41, and therefore, denies the same.

42.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 42 and therefore, denies the same.

43.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 43, and therefore, denies the same.

### Count I

### VIOLATION OF THE FDCPA, §1692g(a)

44.  Defendant Asset repeats and alleges each and every answer and denial set forth in ¶¶ 1 through 43.

45.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 45, and therefore, denies the same.

46.  Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 46, and therefore, denies the same.

47.  Defendant Asset denies the allegations of ¶ 47.

48.  Defendant Asset denies the allegations of ¶ 48.

Page 5 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8059

## Count II

### VIOLATION OF THE FDCPA, §1692 g(b)

49. Defendant Asset repeats and alleges each and every answer and denial set forth in ¶¶ 1 through 48 above.

50. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 50, and therefore, denies the same.

51. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 51, and therefore, denies the same.

52. Defendant denies the allegations of ¶ 52.

## Count III

### VIOLATION OF THE FDCPA, §1692i(a)(2)

53. Defendant Asset repeats and alleges each and every answer and denial set forth in ¶¶ 1 through 52.

54. Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 54, and therefore, denies the same.

55. Under Washington law (RCW 6.27.020(1)), garnishments may be issued only out of the court in which the judgment is entered. Therefore, if plaintiff is claiming that she can move out of the county in which the judgment is entered and then be exempt from having funds belonging to her being garnished, then she would be taking a position that is in violation of Asset's due process rights under the United States Constitution, and the State of Washington's rights under the 9th and 10th Amendments to the United States Constitution to set their own court rules. Thus, no violation of the FDCPA occurred where any garnishment, if such was sought, was done in conformity with state law for which state law provided no alternative.

56. .Defendant Asset has no personal knowledge regarding the allegations contained in ¶ 55, and therefore, denies the same.

57. Defendant Asset has no personal knowledge regarding the allegations contained

Page 6 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

in ¶ 576, and therefore, denies the same.

58. Defendant Asset denies the allegations of ¶ 58.

## COUNT IV

## VIOLATION OF THE FDCPA, §1692f

59. Defendant Asset repeats and alleges each and every answer and denial set forth in ¶¶ 1 through 58.

60. The statute quoted by plaintiff speaks for itself and Defendant Asset is not obliged to answer same.

61. The statute cited by plaintiff speaks for itself and Defendant Asset is not obliged to answer same.

62. Plaintiff is engaging in making legal conclusions which are more appropriately addressed to the court, and Defendant Asset will not answer same.

63. Defendant Asset denies the allegations of ¶ 63.

64. Defendant Asset has no personal knowledge of the allegations contained in ¶ 64 denies each and every allegations contained therein.

65. Defendant Asset has no personal knowledge of the allegations contained in ¶ 65 denies each and every allegations contained therein.

66. Defendant Asset has no personal knowledge of the allegations contained in ¶ 66 denies each and every allegations contained therein.

67. Defendant Asset has no personal knowledge of the allegations contained in ¶ 67 denies each and every allegations contained therein.

68. Defendant Asset has no personal knowledge of the allegations contained in ¶ 68 denies each and every allegations contained therein.

69. Defendant Asset has no personal knowledge of the allegations contained in ¶ 69 denies each and every allegations contained therein.

70. Defendant Asset has no personal knowledge of the allegations contained in ¶ 70 denies each and every allegations contained therein.

Page 7 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8059

71. Defendant Asset has no personal knowledge of the allegations contained in ¶ 71 denies each and every allegations contained therein.

72. Defendant Asset, for itself and not for anything that Defendant Daniel N. Gordon, P.C. might or might not have, denies each and every allegation contained in ¶ 72.

73. Defendant Asset admits that it purchased a debt allegedly owed by Plaintiff. Except as specifically admitted, defendant denies each and every other allegation contained in ¶ 73.

74. Defendant Asset has no personal knowledge of the allegations contained in ¶ 74 denies each and every allegations contained therein.

75. Defendant Asset has no personal knowledge of the allegations contained in ¶ 75 denies each and every allegations contained therein.

76. Defendant denies each and every material allegation of ¶ 76.

77. Defendant Asset has no personal knowledge of the allegations contained in ¶ 77 denies each and every allegations contained therein.

78. The statute cited by Plaintiff speaks for itself and Defendant Asset is not obliged to answer the allegations contained therein.

79. Defendant Asset has no personal knowledge of the allegations contained in ¶ 79 denies each and every allegations contained therein.

80. Defendant Asset has no personal knowledge of the allegations contained in ¶ 80 denies each and every allegations contained therein.

81. Defendant Asset denies each and every allegation contained in ¶ 81.

82. Defendant Asset denies each and every allegation contained in ¶ 82.

83. Defendant Asset has no personal knowledge of the allegations contained in ¶ 83 denies each and every allegations contained therein.

84. Defendant Asset has no personal knowledge of the allegations contained in ¶ 84 denies each and every allegations contained therein.

85. Defendant Asset has no personal knowledge of the allegations contained in ¶ 85

Page 8 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

denies each and every allegations contained therein.

86. The statute cited by Plaintiff speaks for itself and Defendant Asset is not obliged to answer the allegations contained therein.

87. The statute cited by Plaintiff speaks for itself and Defendant Asset is not obliged to answer the allegations contained therein.

88. Defendant Asset retained Daniel N. Gordon, P.C. as a law firm for the purpose of filing a law suit against Plaintiff. Therefore, Defendant Asset denies the allegations of ¶ 88.

89. Defendant Asset has no personal knowledge of the allegations contained in ¶ 89 denies each and every allegations contained therein.

90. Paragraph 90 is interpreted to be alleged against Defendant Daniel N. Gordon, P.C. and, therefore, Defendant Asset has no obligation to answer said allegations.

91. Defendant Asset repeats and alleges each and every answer and denial set forth in ¶¶ 1 through 90.

92. Paragraphs 92 through 101 apply only to Defendant Daniel N. Gordon, P.C. and, therefore, Defendant Asset will not answer the allegations contained in those paragraphs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any claims of Plaintiff that alleges legal improprieties in obtaining the judgment or the validity of the judgment which was taken against her in the Snohomish County District Court are barred by the Rooker-Feldman doctrine in that such actions are collaterally attacking a valid and existing state court judgment.

### Second Affirmative Defense

Pursuant to 15 U.S.C. § 1692k(c) to the extent that any or all of the violations of the FDCPA violations of 15 U.S.C. §1692 *et seq.* alleged by plaintiff in her First Amended Complaint is/are established, any such violation(s) were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Page 9 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### Third Affirmative Defense

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Asset, or for which Asset is not responsible or liable.

### Fourth Affirmative Defense

Assuming that Plaintiff suffered any actual damages, Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### Fifth Affirmative Defense

Plaintiff's claims (Counts I through IV) in whole or in part, are barred by the applicable statute of limitations, 15 U.S.C. §1692k(d).

### Seventh Affirmative Defense

Asset denies any liability, however, regardless of liability, Plaintiff has suffered no damages.

### Eighth Affirmative Defense

Plaintiff has failed to mitigate actual damages, if any, that were called by violations alleged in Counts I through VI.

### Ninth Affirmative Defense

Asset reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and factual developments in the case.

WHEREFORE, Defendant Asset prays that this action be dismissed with prejudice and at Plaintiff's costs, and further that Asset be awarded its costs and attorney's fees and any other appropriate relief.

Respectfully submitted this 8th day of June, 2011.

DANIEL N. GORDON, P.C.
Attorneys for Defendant Asset Acceptance, LLC

By: /s/ Daniel N. Gordon
Daniel N. Gordon, WSBA #32186
Of Attorneys for Defendant Asset Acceptance, LLC

Page 10 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8059

## CERTIFICATE OF SERVICE

I hereby certify that June 8, 2011, I electronically filed Defendant Asset Acceptance Funding, LLC's Answer to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

jrobbins@AttorneysForConsumers.com

kjc@winstoncashatt.com

And I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants:

None.

DATED: June 8, 2011.

DANIEL N. GORDON, P.C.
Attorneys for Defendant Asset Acceptance, LLC

By: /s/ Daniel N. Gordon
Daniel N. Gordon, WSBA # 32186
Of Attorneys for Defendant Asset Acceptance, LLC

Page 11 - DEFENDANT ASSET ACCEPTANCE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT