UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL N. GORDON, P.C. and<br>ASSET ACCEPTANCE, LLC,<br><br>　　　　　Defendants. | NO. CV-10-428-EFS<br><br>**ORDER GRANTING AND DENYING IN PART ASSET'S MOTION FOR PROTECTIVE ORDER** |

　　Before the Court is Defendant Asset Acceptance, LLC's ("Asset") Motion for Protective Order, ECF No. 48, asking the Court to quash 1) the notice of deposition issued to Asset's Federal Rule of Civil Procedure 30(b)(6) designee, Ken Proctor and 2) related document-production request. Defendant Daniel N. Gordon, P.C. ("Gordon") joined the motion, ECF No. 63. Plaintiff Tina Coleman opposes the motion, submitting she is entitled to depose Ken Proctor because he has relevant information regarding her account, Asset's Fair Debt Collections Practices Act (FDCPA) compliance procedures, and Asset's written-discovery responses. After reviewing the submitted material and relevant authority, the Court grants and denies Asset's motion: for the reasons given below, Plaintiff may depose Mr. Proctor but his deposition is limited to seven hours.

ORDER ~ 1

In this FDCPA lawsuit, Plaintiff alleges that Asset and Gordon "contributed to or participated in, authorized, or implemented the policies regarding the acts complained of which caused injuries to Plaintiff," "combined and concurred with each other in committing the acts complained of," and "acted at all times in concert with, or as principal or agent or employee of the other in a common financial enterprise." ECF No. 30 ¶¶ 11-13. Plaintiff seeks to hold Asset "vicariously liable for the conduct of Gordon, its collection attorney as its agent." *Id.* ¶ 15. The federal discovery rules allow Plaintiff to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

As Asset's Rule 30(b)(6) designee, Mr. Proctor is clearly in possession of relevant information. And Rule 30(a)(1) allows a party to "depose any person, including a party, without leave of court," unless required by Rule 30(a)(2). Neither party advised the Court that leave of Court is required under Rule 30(a)(2). Accordingly, Plaintiff may depose Mr. Proctor so long as "reasonable written notice" was given to "every other party." Fed. R. Civ. P. 30(b)(1). The Court finds Plaintiff's written notice was reasonable: it was dated July 29, 2011, set an October 17 and 18, 2011 deposition date, and identified the location (Spokane, Washington). Accordingly, Asset and Mr. Proctor had approximately six weeks to prepare for this deposition.

ORDER ~ 2


1  Yet, there is no explanation as to why two dates were listed for the
2  deposition: October 17 and 18, 2011.  A deposition is typically limited
3  to one day of seven hours.  *Id.* at 30(d)(1).  Plaintiff has not
4  identified a need to exceed this duration.  Accordingly, the parties
5  shall confer to determine whether the deposition should occur on either
6  October 17 or 18, 2011, or on another date convenient to both parties.

7  Asset requests that the deposition, if it must occur, be held
8  telephonically.  A deposition may occur by telephone.  *Id.* at 30(b)(4).
9  Because Mr. Proctor is Asset's Rule 30(b)(6) designee and documents will
10 be discussed, it may prove to be difficult to take his deposition
11 telephonically.  Accordingly, the Court will not order deposition by
12 remote means; however, the parties are free to stipulate to deposition
13 by remote means.

14 For the above-given reasons, **IT IS HEREBY ORDERED**:  Asset's Motion
15 for Protective Order, **ECF No. 48**, is **GRANTED** (limited to seven hours) **and**
16 **DENIED** (remainder) **IN PART.**

17 **IT IS SO ORDERED.**  The District Court Executive is directed to enter
18 this Order and provide copies to counsel.

19 **DATED** this ___26^th___ day of September 2011.

                                S/ Edward F. Shea
                                  EDWARD F. SHEA
                            United States District Judge

Q:\Civil\2010\0428.protect.depo.wpd

ORDER ~ 3