Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **TINA COLEMAN,** | ) Case No. CV-10-428-EFS |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **DEFENDANT ASSET** |
| vs. | ) **ACCEPTANCE, LLC's JOINDER** |
| | ) **IN DANIEL N. GORDON, P.C.'S** |
| **DANIEL N. GORDON, P.C., AND** | ) **MOTION FOR SUMMARY** |
| **ASSET ACCEPTANCE, LLC,** | ) **JUDGMENT** |
| | ) |
| Defendants. | ) |

Plaintiff, Tina Coleman ("Plaintiff"), by and through her counsel, Weisberg & Meyers, LLC, hereby submits this response to Defendant, Asset Acceptance, LLC's ("Asset") joinder in Defendant, Daniel N. Gordon, P.C.'s ("Gordon") motion for summary judgment. In support thereof, Plaintiff respectfully states as follows:

**I.   INTRODUCTION.**

Plaintiff's operative complaint alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Washington Collection Agency Act ("WCAA"), Chapter 19.16 RCW, and the Washington

Plaintiff's Response to Gordon's Motion for Summary Judgment - 1

Consumer Protection Act ("WCPA"), Chapter 19.86 RCW. (ECF No. 30).[1] On July 25, 2011, Gordon filed a motion for summary judgment, seeking to dismiss Plaintiff's FDCPA claims and asking the Court to abstain from deciding Plaintiff's Washington state law claims. (ECF No. 37). On August 15, 2011, Plaintiff filed her response in opposition to Gordon's motion, detailing the reasons why Gordon's motion should be denied. (ECF No. 45).

On October 7, 2011, Asset filed the instant joinder in Gordon's motion for summary judgment. (ECF No. 68). Plaintiff's initial response sufficiently briefed the issues raised by Gordon's motion, and for the reasons stated therein, the motion should be denied. However, Plaintiff would take this opportunity to apprise the Court of recent developments. Specifically, Defendants have continued to attempt to enforce the default judgment in an improper venue as recently as October 10, 2011.

---

[1] In Plaintiff's response to Gordon's motion for summary judgment, Plaintiff withdrew Counts I and II of her amended complaint. (ECF No. 45 at 2, n. 1). Plaintiff intends to move for leave to file a second amended complaint to clarify the claims currently being pursued, as well as to join additional parties associated with Gordon, who are liable under the WCAA.

Plaintiff's Response to Gordon's Motion for Summary Judgment - 2

## II. STATEMENT OF FACTS.

### A. Summary Of Factual Background.

Defendants obtained a default judgment against Plaintiff in Snohomish County District Court in 2006. (ECF No. 60 at ¶2.4). On September 24, 2009, Gordon spoke with Plaintiff on the phone regarding the default judgment. (ECF No. 60 at ¶3.2). This was the first time Plaintiff had found out that a lawsuit had been filed and that a default judgment had been entered against her. (ECF No. 46-1 at ¶6). On November 20, 2009, Gordon applied to the Snohomish County District Court for a writ of garnishment against the Washington State Employees Credit Union ("WSECU"). (ECF No. 60 at ¶3.4). At this time, Plaintiff resided in Spokane County. (ECF No. 46-1 at ¶2). On January 25, 2010, Defendants attempted to serve Plaintiff with notice of the garnishment proceeding via certified mail, but the same was returned to Defendants as undeliverable on February 17, 2010. (ECF. No. 60 at ¶¶3.7, 3.9). On February 9, 2010, WSECU served its Answer of Garnishee on all parties to the action, which was the first time that Plaintiff had knowledge that Defendants had instituted garnishment proceedings in effort to enforce the default judgment. (ECF No. 60 at ¶3.8; ECF No. 46-1 at ¶¶8-9).

### B. Statement of Supplemental Facts.

1. On or about October 10, 2011, Gordon, on behalf of Asset, filed a motion and declaration with the Snohomish County District Court, seeking the

Plaintiff's Response to Gordon's Motion for Summary Judgment - 3

issuance of a subpoena pursuant to RCW § 50.13.070, "directing the Department of Employment Security to disclose information pertaining to the employers of" Plaintiff. (See Motion Paperwork, attached hereto as Exhibit A).

### III. DEFENDANTS VIOLATED 15 U.S.C. § 1692i BY INSTITUTING A LEGAL ACTION AGAINST PLAINTIFF IN A DISTANT AND INCONVENIENT VENUE.

In the Ninth Circuit, garnishment proceedings constitute a distinct "legal action on a debt," subject to 15 U.S.C. § 1692i. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994). (See ECF No. 45 at 3-6). It is undisputed that at the time Defendants applied for the writ of garnishment, Plaintiff did not reside in Snohomish County. (ECF No. 46 at ¶3.11; ECF No. 46-1 at ¶2).[2] It is also undisputed that Plaintiff did not sign the contract sued upon in Snohomish County. (ECF No. 46 at ¶3.11; ECF No. 46-1 at ¶3). Rather than dispute these facts, Defendant argues that Plaintiff's claim is barred by the statute of limitations and that Washington's state venue provision permitted its conduct.

#### A. Plaintiff's Claim Is Not Barred By The Statute Of Limitations.

As discussed in Plaintiff's response brief, Plaintiff's claim is timely because the discovery rule applies to FDCPA claims. (ECF No. 45 at 10-14). In its reply,

---

[2] Significant, Defendant Gordon, in its reply brief (ECF No. 56), does not dispute any of the additional facts asserted by Plaintiff in her statement of facts (ECF No. 46), submitted with her response to Gordon's motion.

Plaintiff's Response to Gordon's Motion for Summary Judgment - 4

Gordon argues that because Plaintiff first discovered that a default judgment existed in September 2009, that this is the date Plaintiff discovered all necessary elements of her suit. However, this is incorrect, because although Plaintiff discovered that a default judgment existed, Plaintiff did not discover that Defendants had instituted garnishment proceedings until February 2010, which is within the limitations period. (See ECF No. 1, filed December 8, 2010). It is the garnishment proceedings that form the basis of Plaintiff's claim under section 1692i, not the obtaining of the default judgment itself. Because Plaintiff did not discover that Defendants instituted garnishment proceedings until within the limitations period, Plaintiff's claim is timely.

### 1. Despite The Exercise Of Due Diligence, Plaintiff Could Not Have Discovered Defendants' § 1692i Violation.

Nor would the exercise of due diligence have permitted Plaintiff to discover that Defendants had applied for the WSECU writ of garnishment, which forms the basis of Plaintiff's complaint. When Plaintiff discovered that Defendants had obtained the default judgment, in September 2009, Defendants had not filed for the writ of garnishment. Even if Plaintiff checked the court files as soon as she became aware of the judgment, she would not have discovered that Defendants had filed the writ, because they did not do so until November 20, 2009. What's more, they did not attempt to serve Plaintiff with notice of the same until January 25, 2010 – notice which Plaintiff did not receive.

Plaintiff's Response to Gordon's Motion for Summary Judgment - 5

## 2. Even If The § 1692i Violations Based On The Previous Writs Are Barred By The Statute Of Limitations, Defendants Committed An Independent Violation Of § 1692i On Or About October 10, 2011.

Even if the original application for writ of garnishment fell beyond the limitations period, Defendants have continued to attempt to enforce the default judgment in an improper venue. Despite Plaintiff's briefing before this Court on the matter, and despite actual notice that Plaintiff disputed the validity of the judgment, Defendants filed a motion and declaration with the Snohomish County District Court, seeking the issuance of a subpoena pursuant to RCW § 50.13.070, "directing the Department of Employment Security to disclose information pertaining to the employers of" Plaintiff on or about October 10, 2011. (See Exhibit A). This motion, in effort to locate Plaintiff's employer, presumably for the purpose of garnishing Plaintiff's wages, constitutes a separate violation of 15 U.S.C. § 1692i. Defendants noticed a hearing on the motion for November 3, 2011 in Snohomish County. (Exhibit A). The concerns noted in *Fox*, namely that consumers would be forced to defend the action in a distant venue, are present here as well. *See Fox*, 15 F.3d at 1515.

### B. Section 1692i Preempts Contrary State Venue Provisions.

As discussed in Plaintiff's response brief, the FDCPA preempts contrary state laws. (ECF No. 45 at 6-10); *see Lensch v. Armada Corp.*, --- F. Supp. 2d ----, 2011 WL 2414423 (W.D. Wash. June 13, 2011); *Flores v. Quick Collect, Inc.*,

Plaintiff's Response to Gordon's Motion for Summary Judgment - 6

CIV. 06-1564-AA, 2007 WL 2769003, at *3 (D. Or. Sept. 18, 2007); *Martinez v. Albuquerque Collection Svcs., Inc.*, 867 F. Supp. 1495, 1501-02 (D.N.M. 1994) ("This FDCPA venue provision preempts state law venue provisions.").

On September 7, 2011, the Washington Court of Appeals, Division 2, issued an opinion recognizing this principle:

> [T]he Fair Debt Collection Practices Act (FDCPA), 15 U.S.C ch. 41, which **preempts contrary state law venue provisions**, requires any debt collector who brings any legal action on a debt against any consumer to bring such action **only** in the judicial district in which such consumer resides at the commencement of the action.

*Unifund CCR Partners v. Sunde*, 260 P.3d 915, 923 (Wash. Ct. App. 2011) (emphasis added) (citing 15 U.S.C. § 1692i(a)(2)(B); *Martinez v. Albuquerque Collection Svcs., Inc.*, 867 F. Supp. 1495, 1501-02 (D.N.M. 1994)).

The District of Oregon considered similar arguments presented by the Defendants here, and noted that even where the debt collector sought an "enforcement action in the judicial district in which a judgment on the debt was entered," the court was "bound by the plain language of the FDCPA that expressly limits venue to districts in which the consumer resides or 'signed the contract sued upon.'" *Flores v. Quick Collect, Inc.*, CIV. 06-1564-AA, 2007 WL 2769003 (D. Or. Sept. 18, 2007) (citing 15 U.S.C. § 1692i; *Fox*, 15 F.3d at 1515).

Defendants argue that it would be an "absurd result" if they were held to violate the FDCPA though they may have followed state law. However, if

Plaintiff's Response to Gordon's Motion for Summary Judgment - 7

Defendants' arguments were accepted an absurd result would obtain – namely if compliance with state law could be used as an excuse for violating a federal law. Simply, state law cannot permit what federal law expressly prohibits.

## IV. CONCLUSION.

This is not a case where a judgment debtor is fleeing the county to avoid enforcement of the judgment. Indeed, Plaintiff did not even know a judgment had been entered against her. Had Defendants attempted to enforce the judgment in a timely manner, they likely would not have encountered the problem with which they are presented. Instead, Defendants waited three years to attempt to enforce the judgment, without any reasonable explanation for the excessive delay. What's more, Defendants have continued to attempt to enforce the judgment in an improper venue, despite ample notice that it is violating the FDCPA by doing so.

WHEREFORE, for the reasons stated herein, and for the reasons described in Plaintiff's initial response brief (ECF No. 45), Plaintiff respectfully requests that this Court deny Defendants' motion for summary judgment.

Respectfully submitted this 28th day of October, 2011.

> s/Jon N. Robbins
> Jon N. Robbins (WSB# 28991)
> WEISBERG & MEYERS, LLC
> 3877 N. Deer Lake Rd.
> Loon Lake, WA 99148
> 509-232-1882
> 866-565-1327 facsimile
> jrobbins@AttorneysForConsumers.com
> Attorney for Plaintiff

Plaintiff's Response to Gordon's Motion for Summary Judgment - 8

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Eastern District of Washington using the electronic case filing system of the court, which shall send notification of such filing to the following:

Kevin J. Curtis
Winston & Cashatt
601 W. Riverside, Ste. 1900
Spokane, WA 99201
kjc@winstoncashatt.com

Daniel N. Gordon
Daniel N. Gordon, P.C.
4023 West 1st Avenue
Eugene, Oregon 97402
Dgordonpc@aol.com

                                                       s/Jon N. Robbins
                                                      Jon N. Robbins