Daniel N. Gordon, WSB # 32186
DANIEL N. GORDON, P.C.
4023 West 1st Avenue
PO Box 22338
Eugene, OR 97402
Phone: (541) 342-2276
Fax: (541) 343-8059
dgordon@dgordonpc.com
Attorney for Defendant Asset Acceptance, LLC

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA COLEMAN,<br><br>          Plaintiff,<br><br>vs.<br><br>DANIEL N. GORDON, P.C., AND ASSET ACCEPTANCE, LLC,<br><br>          Defendants. | Case No. CV-10-428-EFS<br><br>DEFENDANT ASSET ACCEPTANCE, LLC'S SUR REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S JOINDER IN DANIEL N. GORDON, PC'S MOTION FOR SUMMARY JUDGMENT |

Defendant Asset Acceptance, LLC, by and through its attorney Daniel N. Gordon, submits this sur reply memorandum to Plaintiff's Response to Defendant Asset Acceptance, LLC's Joinder in Daniel N. Gordon, P.C.'s Motion for Summary Judgment.

**I. IN WASHINGTON STATE, A GARNISHMENT ACTION IS NOT A LEGAL ACTION AGAINST A CONSUMER.**

Section 1692i provides for venue, in relevant part, as follows:

> "(a) Any debt collector who brings any legal action on a debt **against a consumer** shall . . .
>
> (2) . . . bring such action only in the judicial district or a similar legal entity –
>
> (A) in which such consumer has signed the contract sued upon; or

Page 1 - DEFENDANT ASSET ACCEPTANCE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

(B) in which such consumer resides at the commencement of the action. [Emphasis supplied.]

Statutory interpretation begins with the language of the statute. When the plain meaning of a statutory provision is unambiguous, that meaning is controlling. *Children's Hospital and Health Center v. Belshe*, 188 F 3d 1090, 1096 (C.A. 9th Cir. 1999).

The venue provision of the FDCPA applies only to a legal action on a debt "**against a consumer**." A garnishment action in Washington must issue from the court in which the judgment was entered. RCW 6.27.020(1); *Gamble v. Superior Court for King County*, 190 Wn. 127, 132, 66 P. 2d 1135 (1937). The garnishment is not an action against a consumer. Rather, the writ initiates a distinct, but ancillary, action **against the garnishee** for the purpose of enforcing the judgment against the judgment debtor. RCW 6.27.020(1); *Watkinson v. Peterson Enterprises*, 137 Wn. 2d 637, 638-39, 973 P. 2d 1037 (1999). The garnishee, but not the debtor, is entitled to move for a change of venue. *Gamble v. Superior Court for King County*, 190 Wn. at 132. The debtor must be given notice in order to provide him/her an opportunity to claim exemptions, but not to contest the debt itself. RCW 6.27.160, 6.27.210.

Plaintiff's reliance on *Fox v. CitiCorp Credit Sers., Inc.*, 15 F3d 1507 (9th Cir. 1994) is misplaced. That case, based on Arizona law, permitted a writ of garnishment to be filed in any county. In Washington, a writ of garnishment can be issued only out of the court in which the judgment was entered. RCW 6.27.020(1). No other court has jurisdiction to issue such a writ. Moreover, the garnishment action was not considered to be an against the garnishee.

In a case similar to the case at bar, the court in *Pickens v. Collection Services of Athens, Inc.*, 165 F. Supp. 2d 1376 (D.C. M.D. Ga., 2001) ruled against the plaintiff. Georgia's garnishment statute required that a writ of garnishment against a corporation be issued in the county in which the

Page 2 - DEFENDANT ASSET ACCEPTANCE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8059

corporation was located and not the debtor's county of residence. In finding for the defendant that the writ of garnishment was properly issued, the court wrote:

> "The Official Code of Georgia sets forth specific procedures that must be followed in a garnishment proceeding. [Citation omitted.] The Court notes that under Georgia garnishment law, 'a garnishment proceeding is an action between the plaintiff [judgment creditor] and the garnishee.' [Citation omitted.] The judgment debtor may become a party to the proceeding by filing a traverse to the plaintiff's affidavit; however, the judgment debtor is not a party to the garnishment. [Citation omitted.] Thus, as required by the Georgia code, the garnishment action in this case was an action by the judgment creditor against the garnishee, and not against the consumer. Accordingly, the Court does not believe that the garnishment action violates the FDCPA provision.
>
> 'In further support of its position, the Court notes that the Defendants were following Georgia venue law, which provides that venue in a garnishment proceeding is 'in the county in which is located the corporate office or place of business where the employee who is the defendant in the main action is employed. . . .'"

The plaintiff also states that the FDCPA preempts state law and cites several cases for that proposition. However, those cases do not help plaintiff in the case at bar.

*Lensch v. Armada Corporation*, 2011 U.S. Dist. LEXIS 62565 (W.D. Wash. 2011) involved defendant sending to plaintiff a statutory Notice of Dishonor ("NOD") as part of its collection effort. The NOD advised defendant that if she did not pay the check, it would be turned over to law enforcement authorities. In fact, there was no legal basis to do that because the statute of limitations on the prosecuting the NSF check had run out; thus, defendant was threatening to take an action it had no legal right to take. Thus, even though there is a state statute authorizing the sending of a NOD, the court held that under the factual circumstances of that case, the FDCPA preempted Washington state law.

In *Flores v. Quick Collect, Inc.*, 2007 U.S. Dis. LEXIS 69542 (D. Or. 2007) the plaintiff held a judgment debtor examination and issued a writ of garnishment out of the Multnomah County Circuit Court. Plaintiff alleged that she lived in

Page 3 - DEFENDANT ASSET ACCEPTANCE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Washington County and that Multnomah County was an improper venue. Oregon, unlike Washington which has no procedure to transfer a case post judgment, has a statutory procedure for transferring a case to another county's Circuit Court after the entry of judgment. Under those circumstances the court ruled that the defendant violated the FDCPA.

Finally, *Martinez v. Albuquerque Collection Svcs., Inc.*, 867 F. Supp. 1495 (D. N. M. 1994) held that even though New Mexico law permitted filing a collection law suit in a county other than the one in which the plaintiff resided, that provision was preempted by the FDCPA's requirement that the suit be brought in the judicial district in which the defendant lived or in which the contract was signed.

In the case at bar, there is no dispute that the original collection law suit was filed in the judicial district, i.e., Snohomish County, where the defendants resided at the time. However, unlike the Oregon case cited by plaintiff, Washington law requires that all garnishments and post judgment remedies be issued out of the court in which the judgment was rendered. Moreover, under Washington law, the garnishment proceeding is a suit against the garnishee, not the judgment debtor.

Under these circumstances, the court in *Pickens v. Collection Services of Athens, Inc., supra,* at 165 F. Supp. 2d 1380 and 1381 stated:

> "The court recognizes the concern that not applying the FDCPA's venue provision in collection proceedings against parties other than the debtor could circumvent the purpose of the FDCPA as the debtor is ultimately affected by these actions. The court notes, however, that in enforcement actions such as the one at issue in this case, the debtor has already had the chance to defend the debt actions such as the one at issue in this case, the debtor has already had the chance to defend the debt action in the original proceeding in which the judgment was obtained. The original proceeding should have complied with the FDCPA and been brought against the debtor in one of the jurisdictions provided for under the venue provision. The court believes that the Federal Trade Commission's commentary on this issue supports the Court's analysis. The FTC considered the venue provision and commented that 'if a judgment is obtained in a forum that satisfies the requirements of the section, it may be enforced in another jurisdiction because the consumer previously has

Page 4 - DEFENDANT ASSET ACCEPTANCE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

had the opportunity to defend the action in a convenient forum.' 53 Fed. Reg. 50,097, 50,109 (1988). Although the FTC commentary is non-binding, the Eleventh Circuit has noted that in interpreting the FDCPA, the commentary should be given considerable weight. [Citations omitted.]"

Finally, the Georgia court considered the 9th Circuit's decision in the *Fox* case, *supra*, and agreed that the decision does stand for the proposition that legal actions involving the enforcement of a previously adjudicated right are encompassed within section 1692i. However, the Georgia court pointed out that the *Fox* decision did not address the "**against the consumer**" language in the venue provision, which was the language upon which the Georgia court based its decision. The court pointed out that the Ninth Circuit "merely addressed whether or not 'an action in enforcement of a previously-obtained judgment' falls within the venue provision, and did not consider any arguments regarding the nature of a garnishment action or the actual garnishment process in Arizona." Thus, the Georgia court did not find the *Fox* reasoning persuasive.

If the court were to accept plaintiff's reasoning on this issue, it would mean in the absence of the Washington legislature enacting a statute that provides for the transfer of a case to a different county after judgment, that a judgment debtor would merely have to move over the county line after the entry of a judgment against him/her to make collection of the judgment impossible. Such a result would be absurd and would infringe on the rights of judgment creditors in this state to collect what is due to them.

Respectfully submitted

DANIEL N. GORDON, P.C.

Daniel N. Gordon, WBSB #32186
Of Attorneys for Asset Acceptance, LLC

Page 5 - DEFENDANT ASSET ACCEPTANCE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

## Certificate of Service

I hereby certify than on November 10, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Jon N. Robbins
Weisberg & Meyers
Attorney for Plaintiff
jrobbins@attorneysforconsumers.com

Kevin J. Curtis
Winston & Cashatt, Lawyers
Attorneys for Defendant Daniel N. Gordon, P.C.
kjc@winstoncashatt.com

*[signature]*
Daniel N. Gordon, WSBA #32186
DANIEL N. GORDON, P.C.
Attorney for Defendant Asset Acceptance, LLC
4023 W. 1st Avenue
PO Box 22338
Eugene, Oregon 97402
(541) 342-2276
Fax: (541) 343-8059
E-mail: dgordon@dgordonpc.co

Page 6 - DEFENDANT ASSET ACCEPTANCE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT