Dennis Kurz
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
888 595 9111 ext 412
866 565 1327 facsimile
dkurz@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TINA COLEMAN,** | ) Case No. CV-10-428-EFS |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **MOTION TO STRIKE** |
| vs. | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **ASSET'S JOINDER** |
| **DANIEL N. GORDON, P.C., AND** | ) |
| **ASSET ACCEPTANCE, LLC,** | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Tina Coleman ("Plaintiff"), by and through her counsel, Weisberg & Meyers, LLC, hereby submits this Response to Defendant, Daniel N. Gordon P.C.'s ("Gordon") Motion to Strike Plaintiff's Response to Defendant, Asset Acceptance, LLC's ("Asset") Joinder. In support thereof, Plaintiff respectfully states as follows:

## I. INTRODUCTION

Because Plaintiff's Response to Asset's Joinder of Gordon's Motion to Summary Judgment was proper, Plaintiff respectfully requests this Court to deny Gordon's Motion to Strike Plaintiff's Response. First, by joinder, Asset effectively submitted its own Motion for Summary Judgment, thereby allowing Plaintiff an opportunity to respond. Second, following this procedure, Asset already has filed a reply, thwarting any argument that Asset is prejudiced.

## II. STATEMENT OF RELEVANT PROCEDURAL HISTORY

Gordon filed a motion for summary judgment on July 25, 2011. (ECF No. 37). After Plaintiff submitted a response to this motion and Gordon submitted a reply, Asset moved this Court for joinder in Gordon's Motion for Summary Judgment on October 7, 2011. (ECF No. 68). In doing so, Asset expressly incorporated Gordon's Memorandum in Support of the Motion for Summary Judgment, the Declaration in Support of the Motion for Summary Judgment, and "such other written and oral arguments as may be presented." (ECF No. 68). On October 28, 2011, Plaintiff, in turn, filed a Response to Asset's above-mentioned motion. (ECF No. 69). Asset filed a Reply to Plaintiff's Response on November 10, 2011. (ECF No. 70). Now, Gordon has filed this Motion to Strike Plaintiff's Response and, in addition, has filed a Reply to Plaintiff's Response. (ECF No. 72, 76).

## III. LEGAL ANALYSIS

By filing a response to Asset's Motion for Summary Judgment, Plaintiff was adhering to basic motion procedure. Pursuant to Local Rule 7.1(c), Plaintiff has twenty-one (21) days "which to serve and file a responsive memorandum." By joining Gordon's Motion for Summary Judgment, Asset essentially filed its own Motion for Summary Judgment. Accordingly, there are two Motions for Summary Judgment filed in this case. Plaintiff has a right to respond, and did respond, to both of these motions. *See* LR 7.1(c); (ECF No. 45, 69)

Moreover, it was not improper for Plaintiff to raise new violations in her response. In support of Gordon's contrary theory, Gordon cites *Corales v. Flagstar Bank, FSB,* 2011 WL 4899957 (W.D. Wash. Oct. 14, 2011). However, Gordon mischaracterizes the actual finding in that case. The *Corales* court found that it was improper for a plaintiff to raise new claims **after** the deadline for amending pleadings had passed **and** without a showing of good cause pursuant to Federal Rule of Civil Procedure 16(b)(4). 2011 WL 4899957 at *8.

Here, Plaintiff did not raise a new claim after the deadline for amending the pleadings had passed. First, the scheduling order did not set a deadline for amending pleadings. (*See* ECF No. 32). Accordingly, Plaintiff did not raise new claims **after** a deadline. Second, although not specifically set, Plaintiff raising the additional claim is timely. The deadline for discovery is over six months away.

(ECF No. 32 at 3). The trial is not set until September 10, 2012. (ECF No. 32 at 12). This gives Defendants a sufficient amount of time to utilize discovery and prepare a defense to that additional claim.

Additionally, there is good cause to allow this additional claim. This claim is not a **new** claim, but rather an additional violation of the claim already alleged—a violation of 15 U.S.C. § 1692i. (*See* ECF No. 30 at 13, 69). Moreover, this additional violation occurred just last month on October 10, 2011. (ECF No. 69 at 6). Accordingly, because the facts that give rise to this additional violation occurred just recently, there is good cause to allow raising this additional violation at this time.

## IV.   CONCLUSION

In responding to Asset's Motion for Summary Judgment, Plaintiff was exercising her rights to file a responsive memorandum pursuant to Local Rule 7.1(c). Moreover, its response was not improper and Gordon has cited no authority to the contrary. Accordingly, the Court should deny Gordon's Motion to Strike.

WHEREFORE, Plaintiff hereby requests that this Court deny Gordon's Motion to Strike Plaintiff's Response to Asset's Motion for Summary Judgment.

Respectfully submitted this 16th day of November, 2011.

                                                      s/Dennis Kurz
                                                      Dennis Kurz (WSB# 43735)
                                                      WEISBERG & MEYERS, LLC
                                                      5025 North Central Ave., #602
                                                      Phoenix, AZ 85012
                                                      888 595 9111 ext 412
                                                      866 565 1327 facsimile
                                                      dkurz@AttorneysForConsumers.com
                                                      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Dennis Kurz, hereby certify that on November 16, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Eastern District of Washington using the electronic case filing system of the court, which shall send notification of such filing to the following:

Kevin J. Curtis
Winston & Cashatt, Lawyers, a
Professional Service Corporation
601 W. Riverside, Ste. 1900
Spokane, WA 99201
kjc@winstoncashatt.com

Daniel N. Gordon
Daniel N. Gordon, P.C.
4023 West 1st Avenue
Eugene, Oregon 97402
Dgordonpc@aol.com

                                                      s/ Dennis Kurz
                                                      Dennis Kurz