UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TINA COLEMAN,

                    Plaintiff,

          v.

DANIEL N. GORDON, P.C. and
ASSET ACCEPTANCE, LLC,

                    Defendants.

NO. CV-10-428-EFS

**ORDER GRANTING AND DENYING IN
PART DEFENDANTS' JOINED MOTION
FOR SUMMARY JUDGMENT**

     Plaintiff Tina Coleman alleges facts that many consumers fear:
being advised by a debt collector that 1) a default judgment was entered
against her for a debt that she did not owe, 2) steps were being taken
to collect the default judgment, and 3) she must also pay the debt
collector's incurred attorneys fees and costs.  ECF No. 30.  Debt-
collector Defendant Daniel N. Gordon, P.C. ("Gordon") and its client
Defendant Asset Acceptance, LLC ("Asset") deny Ms. Coleman's allegations
and ask the Court to enter summary judgment in their favor:  Gordon filed
a Motion for Summary Judgment, ECF No. 37, which was joined by Asset, ECF
No. 68.  Ms. Coleman agrees to dismiss her first and second Fair Debt
Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, counts but
opposes the remainder of the joined summary-judgment motion. After
reviewing the record and considering the legal authority, the Court is

ORDER ~ 1

fully informed.  For the reasons given below, the Court grants in part and denies in part the joined summary-judgment motion.

**A.    Background**[1]

Gordon is a law firm specializing in representing creditors and debt buyers.  Although located in Eugene, Oregon, Gordon employs attorneys who are additionally licensed to practice in Washington.  One of its clients is Asset, a Delaware company, which purchased a debt that Ms. Coleman and her husband, Gary Coleman, purportedly owed on a Providian credit card account.  Although not licensed as a collection agency or out-of-state collection agency in Washington, Gordon attempted to collect this debt on Asset's behalf by filing a breach-of-contract complaint against the Colemans in Snohomish County District Court on January 19, 2006, and hired I-5 Legal Support to serve the Colemans.  On April 28, 2006, Daniel King of I-5 Legal Support filed a declaration of service stating that he served Mr. Coleman at his residence in Everett, Washington on April 25, 2006.  When the Colemans did not appear or respond to the complaint,

_____

[1] Disputed facts are supported by a citation to the record, while undisputed facts are not.  ECF No. 60.  When considering this motion and creating this factual section, the Court 1) believed the undisputed facts and the nonmoving party's evidence, 2) drew all justifiable inferences therefrom in the nonmoving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

ORDER ~ 2

1  Gordon sought default judgment.  On December 16, 2006, the Snohomish
2  County District Court entered a default judgment against the Colemans in
3  Asset's favor.

4       Gordon did not seek judicial assistance to enforce the default
5  judgment until 2009, at which time the Colemans had moved to Spokane,
6  Washington, which is not located in Snohomish County.  On January 22,
7  2009, Gordon applied to the Snohomish County District Court for a writ
8  of garnishment against one of the Colemans' employers, Everett Bus
9  Center, in an effort to satisfy the default judgment.  It is unclear on
10 the present record whether this writ of garnishment was entered; however,
11 it is undisputed that the Everett Bus Center did not release funds to
12 help satisfy the default judgment.

13      Finally, on September 24, 2009, Ms. Coleman learned of the default
14 judgment during a telephone call between she and a Gordon employee.  ECF
15 No. 46-1 ¶ 6.  Ms. Coleman was informed that Gordon sought to collect on
16 the default judgment.  Approximately one month later, on October 28,
17 2009, after receiving no further communication from Ms. Coleman, Gordon
18 sent a debt-collection letter to Ms. Coleman at her Spokane address
19 regarding the default judgment.

20      On November 20, 2009, Gordon applied to the Snohomish County
21 District Court for a writ of garnishment to be issued to Washington State
22 Employees Credit Union (WSECU), again in hopes of collecting on the
23 default judgment.  On November 23, 2009, Ms. Coleman sent a letter to
24 Gordon requesting validation of the debt; Ms. Coleman listed her address
25 as the Spokane address wherein Gordon had sent its letter a month
26 earlier.  In response, on December 1, 2009, Gordon sent a copy of the

default judgment with a cover letter to Ms. Coleman at her Spokane address.

On January 25, 2010, Gordon sent copies of the court-issued WESCU writ of garnishment to Ms. Coleman at her Spokane address via certified mail; yet, Ms. Coleman never received this mailing as it was returned to Gordon on February 17, 2010, for insufficient address.  On February 9, 2010, WESCU served its answer on Gordon and Ms. Coleman.  Ms. Coleman received WESCU's answer: this was the first time that she learned of the garnishment proceeding.  ECF No. 46-1 ¶¶ 8-9.  WSECU did not release funds to satisfy the default judgment.

On April 16, 2010, the Colemans, through counsel David Mott, filed a motion to vacate the default judgment in Snohomish County District Court.  In support of the motion, the Colemans declare under penalty of perjury that Gordon failed to serve them with the summons and complaint. Ms. Coleman also declares that she 1) called Gordon in September 2009 regarding the debt and 2) received a copy of the default judgment from Gordon after requesting validation of the debt.[2]  The Colemans' motion remains pending; and there has been no activity in the Snohomish County District Court case since June 17, 2010.

Ms. Coleman also retained instant counsel, Jon Robbins, to initiate this lawsuit.  Mr. Robbins sent a letter to Gordon in April 2010 advising that he had been retained by Ms. Coleman to pursue her FDCPA claims

---

[2] Ms. Coleman also made these statements in a complaint filed with the Washington State Attorney General's Office.

ORDER ~ 4

relating to Defendants' conduct.    Because Mr. Robbins had previously filed lawsuits against Gordon on behalf of other Washington clients asserting Washington Collection Agency Act (CAA) and Washington Consumer Protection Act (CPA) claims, Gordon filed a complaint for declaratory judgment in Spokane County Superior Court on July 6, 2010, asking the state court to rule that Gordon, as a law firm, is exempt from the CAA and CPA.  Ms. Coleman, through Mr. Robbins, filed a motion to dismiss, contending that any CAA or CPA claims by Ms. Coleman were merely speculative.    The Spokane County Superior Court agreed, dismissing Gordon's complaint on October 8, 2010.

Two months later, on December 8, 2010, Ms. Coleman filed the instant federal lawsuit.  On May 25, 2011, she amended her complaint to add CAA and CPA claims against Gordon, as well as a FDCPA claim based on a CAA violation.  Anticipating that Ms. Coleman would amend her complaint to add CAA and CPA claims, Gordon filed a second petition for declaratory relief in Spokane County Superior Court on May 11, 2011, which Ms. Coleman has again asked the state court to dismiss.    The Court understands this petition is still pending.

Following the filing of this summary-judgment motion on July 25, 2011, Gordon continues to try to satisfy the default judgment on Asset's behalf, including asking the Snohomish County District Court to issue a subpoena "directing the Department of Employment Security to disclose information pertaining to the employers of" Ms. Coleman.  ECF No. 69-1.

**B.   Standard**

Summary judgment is appropriate if the record establishes "no genuine issue as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party opposing summary judgment must point to specific facts establishing a genuine issue of material fact for trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion.  *Celotex Corp.,* 477 U.S. at 322.

**C.    Authority and Analysis**

Defendants seek summary judgment on Plaintiffs' six counts: 1) four separate FDCPA counts against both Defendants: 15 U.S.C. §§ 1692g(a), 1692g(b), 1692i(a)(2), and 1692f, 2) a CAA count against Gordon, and 3) a CPA against Gordon.  The Court addresses each count below.

    1.    <u>Counts 1 and 2</u>

Because Ms. Coleman withdraws her first FDCPA count (15 U.S.C. § 1692g(a)) and second count (§ 1692g(b)), Defendants' summary-judgment motion is granted with regard to these counts.

    2.    <u>Count 3</u>

In her third count, Ms. Coleman alleges that Defendants violated the FDCPA by bringing a legal action to obtain a writ of garnishment in a judicial district other than where she signed the sued-upon contract or resided when Defendants brought the legal action.  *See* 15 U.S.C. § 1692i(a)(2).  Defendants contend that this third count cannot survive summary judgment because 1) Ms. Coleman failed to file this lawsuit within the FDCPA's one-year statute of limitations and 2) they complied with § 1692i(a)(2)'s venue requirement, especially since they sought the

ORDER ~ 6

1  writ of garnishment in the only judicial district permitted under
2  Washington law.

3           a.    *Statute of Limitations*

4           The FDCPA sets forth a one-year statute of limitations.  *See* 15
5  U.S.C. § 1692k(d) ("An action to enforce any liability created by this
6  subchapter may be brought . . . within one year from the date on which
7  the violation occurs.").  Although the statute states that the one-year
8  period runs "from the date on which the violation occurs," *id.*, the Ninth
9  Circuit applies the discovery rule to FDCPA actions and therefore this
10 one-year period does not actually begin to run until the plaintiff knew
11 or had reason to know of the injury caused by the violation.  *Mangum v.*
12 *Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009).

13          Through her third count, Ms. Coleman challenges Defendants' November
14 20, 2009 application for the issuance of a writ of garnishment to WESCU.
15 Clearly, this December 8, 2010-filed lawsuit is more than one year after
16 Defendants applied for the writ of garnishment on November 20, 2009.
17 However, when viewing the facts in Ms. Coleman's favor, the Court finds
18 Ms. Coleman filed her lawsuit within one year of learning of the writ of
19 garnishment.  Ms. Coleman received actual notice of the writ of
20 garnishment on February 9, 2010, when WESCU mailed Ms. Coleman a copy of
21 its answer.  Although Ms. Coleman learned of the default judgment in
22 September 2009, she was not expected to continually check with the
23 Snohomish County to see whether Defendants would apply for a writ of
24 garnishment or take other judicial steps to enforce the judgment.  Rather
25 Mrs. Coleman could reasonably expect to receive notice of such action
26 from Defendants, especially given that she requested verification of the

default judgment from Defendants. Accordingly, under the circumstances, the Court finds Ms. Coleman's § 1692i(a)(2) challenge to Defendant's writ-of-garnishment application to be timely. Defendants' summary-judgment motion is denied in this regard.

   b.   *Washington garnishment law*

   The FDCPA identifies the venue in which a debt collector may bring a legal action as follows:

> Any debt collector who brings any legal action on a debt against any consumer shall . . . (2) . . . bring such action only in the judicial district or similar legal entity--
>    (A) in which such consumer signed the contract sued upon; or
>    (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a). Ms. Coleman claims that Gordon violated the FDCPA's venue requirement by not seeking the writ of garnishment in either the county where she signed the sued-upon contract or resided at the time the writ of garnishment was sought, i.e., Spokane County. Defendants submit they did not violate § 1692i because the writ of garnishment proceeding in Snohomish County District Court was not a "legal action" against the "consumer." Defendants submit that Plaintiffs' proposed interpretation of § 1692i will lead to absurd results because Washington law requires the judgment creditor to apply for the writ of garnishment in the county that issued the judgment.[3] *See Washington v. Sup. Ct. for King Cnty.*, 190 Wash. 127, 131 (1937) (ruling

---

   [3] Following the filing of the writ of garnishment, Washington allows the judgment debtor to request that the matter be moved to her county of residence, if different from the venue that issued the judgment. *Id.*

ORDER ~ 8

that the proper county to issue the writ of garnishment is the county where the "main action is pending, or in which . . . the judgment has been rendered"); *see also* RCW 6.27.020(1) ("The clerks of superior courts and districts courts of this state may issue writs of garnishment returnable to their respective courts for the benefit of a judgment creditor who has a judgment wholly or partially unsatisfied in the court from which the garnishment is sought."); RCW 6.27.060 (requiring the affidavit in support of a writ of garnishment to state "[t]he plaintiff has a judgment wholly or partially unsatisfied in the court from which the writ is sought.").

After closely scrutinizing § 1692i(a)(2), the Court agrees that Defendants' writ of garnishment proceeding in Snohomish County District Court did not violate § 1692i(a)(2) under the circumstances. First, the Court recognizes that the Ninth Circuit has clearly stated that an application for a writ of garnishment is a "legal action" on a debt. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994) (quoting 15 U.S.C. § 1692i)). However, in Washington, a garnishment action is an ancillary legal proceeding against the garnishee, not the judgment debtor. The judgment debtor is entitled to notice and to apply for offsets, RCW 6.27.130(1), (2) & RCW 6.27.160; yet, the purpose of the garnishment proceeding is to allow the judgment creditor to help satisfy the valid judgment. *See Watkins v. Peterson Enters.*, 137 Wn.2d 637, 638-39 (1999) (finding that a writ of garnishment is a "mechanism initiating an action against a garnishee, directing the garnishee to answer whether it holds funds or property owing to the debtor"). Therefore, in

ORDER ~ 9

1  Washington, an application for writ of garnishment is not a legal action
2  on a debt against a consumer.

3      This interpretation is consistent with *Fox* because the Ninth Circuit
4  did not focus on the "against a consumer" language in the FDCPA's venue
5  provision.  *See Pickens v. Collection Servs. of Athens, Inc.*, 165 F.
6  Supp. 2d 1376, 1380-81 (M.D. Ga. 2001) (distinguishing *Fox* and finding
7  that a judgment creditor does not violate the FDCPA by seeking a writ of
8  garnishment in a district where the judgment creditor does not reside);
9  *cf. Flores v. Quick Collect, Inc.*, No. 06-1564-AA, 2007 WL 2769003 (D.
10 Or. Sept. 18, 2007) (analyzing § 1692i but not discussing whether a writ
11 of garnishment is a legal action on a debt against a consumer).  And
12 because a garnishment proceeding in Washington is not a legal proceeding
13 against the consumer, the FDCPA's concern that a consumer would have to
14 defend against the underlying lawsuit in a distant or inconvenient forum
15 is not at play.  *Cf. Dutton v. Wolhar*, 809 F. Supp. 1130, 1139 (D. Del.
16 1992) (identifying the concern that consumers were required to defend the
17 initial debt-collection lawsuit in an inconvenient forum).

18     Even if a writ of garnishment proceeding in Washington is a legal
19 action on a debt against a consumer, Gordon complied with the FDCPA's
20 venue requirement by seeking the writ of garnishment from the court which
21 issued the default judgment.  The Court interprets "commencement of the
22 action" in § 1692i(a)(2)(B) broadly in the context of a legal action to
23 enforce a judgment.  Accordingly, the Court concludes that § 1692i(a)(2)
24 is satisfied if the debt collector files the garnishment proceeding (a
25 legal action) in the same venue where the judgment was obtained (the
26 underlying action), i.e., when the debt collector seeks to enforce a

judgment, "commencement of the action" refers to the judicial district where the consumer resided at the time the underlying action was commenced.  Requiring the garnishment action to be filed in the same judicial district where the judgment was obtained fosters consistency in debt-collection judicial proceedings.  15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by Debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and *to promote consistent State action to protect consumers against debt collection abuses*." (emphasis added)).

In sum, the Court finds that, even though Ms. Coleman was living in Spokane, Gordon complied with the FDCPA's venue provision when it sought the writ of garnishment in Snohomish County District Court in 2009.[4] Because the Court's ruling harmonizes § 1692i(a)(2) and Washington's venue requirement for garnishment proceedings, the Court need not engage in a preemption analysis.  *See Ting v. AT&T*, 319 F.3d 1126, 1135 (9th Cir. 2003) (setting forth federal-preemption analysis).  Accordingly,

_____

[4] In her supplemental response, ECF No. 69, Ms. Coleman advises that Defendants sought a subpoena from Snohomish County District Court on October 10, 2011.  Ms. Coleman posits that this conduct also violates § 1692i(a)(2)'s venue requirement.  Ms. Coleman has not sought permission to amend her complaint to add this allegation; nonetheless, given the Court's interpretation of § 1692i(a)(2), Defendants' filing of the motion relating to the default judgment in Snohomish County District Court does not violate § 1692i(a)(2).

ORDER ~ 11

Defendants are granted summary judgment on Ms. Coleman's third claim, i.e., that Defendants violated § 1692i(a)(2).

### 3.   <u>Count 4</u>

Through her fourth FDCPA count, Ms. Coleman claims that Defendants violated § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt, including 1) seeking entry of a default judgment against Ms. Coleman without notice, 2) purposefully delaying efforts to collect on the default judgment, 3) failing to provide her with notice of the writ of garnishment proceeding as is required by RCW 6.27.130, and 4) collecting a debt without the requisite Washington collection agency license.   Defendants contend that Ms. Coleman's § 1692f claims are time barred and/or not factually supported.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."   15 U.S.C. § 1692f (providing a non-exclusive list of eight types of unfair or unconscionable conduct).   An objective least-sophisticated-consumer standard is employed to determine whether a debt collector's conduct is unfair or unconscionable.   *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

### a.   *No-notice claim*

Ms. Coleman maintains that due process requires that a consumer be given fair notice of a debt-collection lawsuit and that by failing to properly serve her in the underlying action Defendants engaged in unfair conduct.   *See Rogers v. Tennessee*, 532 U.S. 451, 460 (2001) (recognizing that the receipt of notice is fundamental to due process).   She also contends that this claim is timely because Defendants have engaged in a

continuing pattern of unfair or unconscionable conduct and, therefore, the date of Defendants' most recent unfair or unconscionable conduct should be used when applying the one-year statute of limitations, citing *Joseph v. J.J. Mac Intyre Co.*, 281 F. Supp. 2d 1156, 1160-61 (N.D. Cal. 2003). The Court declines to apply the continuing-violation doctrine to the facts of this case. Defendants' alleged unfair or unconscionable conduct constitutes separate and discrete acts. *See Arvie v. Dodeka, LLC*, No. H-09-1076, 2010 WL 4312907 (S.D. Tex. Oct. 25, 2010) (listing cases finding that discrete violations of the FDCPA should be analyzed on an individual basis for statute-of-limitations purposes). Therefore, the Court assesses the timeliness of each of Plaintiff's § 1692f claims.

Turning to Ms. Coleman's no-notice claim, it was not filed within the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d). The Snohomish County District Court entered default judgment against the Colemans on December 16, 2006. Even taking as true Ms. Coleman's assertion that she did not learn of the default judgment until the September 24, 2009 telephone call, she did not file this no-notice claim until more than one year later on December 8, 2010. Accordingly, the Court grants Defendants summary judgment on Ms. Coleman's § no-notice 1692f claim.

   b. *Purposeful-delay claim*

The Court also grants Defendants summary judgment on Ms. Coleman's claim that they violated § 1692f by delaying efforts to collect on the default judgment in order to increase collectible interest. The FDCPA's one-year statute of limitations began running for this purposeful-delay claim when Ms. Coleman learned of the default judgment during a September

24, 2009 telephone call.  *See Bibeau v. Pac. Nw. Research Found. Inc.*,
188 F.3d 1105, 1108 (9th Cir. 1999) (emphasizing that the discovery rule
requires a plaintiff to "be diligent in discovering the critical facts").
Defendants are granted summary judgment on this claim.

    c. *Failure-to-mail claim*

  Defendants also seek summary judgment on Ms. Coleman's claim that
they violated § 1692f by failing to mail her a copy of the WSECU writ of
garnishment.  First, the Court finds that Ms. Coleman filed this claim
within the one-year statute of limitations.  This § 1692f claim is
separate and distinct from those relating simply to the entry and
existence of the default judgment; this claim relates to Gordon's
ancillary action of seeking a writ of garnishment to serve on WSECU.

  Second, the Court finds genuine issues of material fact exist as to
whether Gordon violated § 1692f by failing to mail a copy of the
application for a writ of garnishment sought to be issued to WSECU.  A
reasonable jury could find that Gordon used "unfair or unconscionable
means to collect or attempt to collect any debt" when it applied to the
Snohomish County District Court for this writ of garnishment in November
2009 without providing Ms. Coleman a copy of such filing.  There is no
evidence that Gordon attempted to mail Ms. Coleman a copy of this filing
or advise her of its filing.  Rather, Gordon waited two months before
attempting to notify Ms. Coleman through a certified mailing of the
issued writ of garnishment proceeding.  And when the certified mail was
returned, it appears that Gordon did not take any further steps to advise
Ms. Coleman of the garnishment proceeding.  When viewing these facts in

1  Ms. Coleman's favor, the Court denies Defendants summary judgment on this
2  FDCPA claim.

3          d.   *Continuing-attempts-to-enforce-a-void-judgment claim*

4          Defendants contend that Ms. Coleman may not pursue a FDCPA claim
5  alleging that Defendants are engaging in unfair or unconscionable conduct
6  by attempting to enforce a void judgment against her because the default
7  judgment is still valid.   The Court agrees.   Ms. Coleman may not claim
8  that Defendants are committing unfair or unconscionable conduct by
9  attempting to enforce the still-currently-valid default judgment.
10 Accordingly, Defendants' summary-judgment motion is granted in this
11 regard.

12         e.   *Collecting-a-debt-without-a-CAA-license claim*

13         Ms.   Coleman   alleges   that   Defendants   committed   unfair   and
14 unconscionable conduct in violation of § 1692f by seeking to enforce the
15 default judgment without a collection-agency license as required by the
16 CAA.   After learning of the default judgment in September 2009, Ms.
17 Coleman could have discovered through reasonable diligence by conducting
18 a search of the Washington Department of Licensing's website before
19 December 7, 2009, that Gordon did not have a collection agency license.
20 Accordingly, Defendants are granted summary judgment in part because this
21 § 1692f claim is untimely.

22         f.   *Summary*

23         Ms. Coleman's claim that Defendants violated § 1692f by failing to
24 mail her a copy of the WSECU writ-of-garnishment application survives
25 summary judgment; the remainder of her § 1692f claims do not survive
26 summary judgment and are dismissed.

1    5.   <u>Count 6</u>

2       In relation to Ms. Coleman's fifth (CAA) and sixth (CPA) counts,

3   Gordon asks the Court to either decline to exercise supplemental

4   jurisdiction under 28 U.S.C. § 1367(c) or to abstain ruling on them until

5   the Spokane County Superior Court can address Gordon's pending

6   declaratory-judgment action, which asks the state court to rule on

7   whether Gordon's instant conduct is subject to the CAA and CPA.  Because

8   the only remaining federal claim is limited to whether Defendants

9   violated § 1692f by failing to provide Ms. Coleman with notice relating

10  to the WSECU writ-of-garnishment application, the Court declines to

11  exercise its supplemental jurisdiction over Ms. Coleman's CAA and CPA

12  counts.  Whether Gordon's purported legal activity is subject to the CAA

13  and CPA raises a novel and complex issue of state law, which would

14  substantially predominate over the remaining FDCPA claim.  28 U.S.C. §

15  1367(c)(1), (2). Accordingly, Gordon's summary-judgment motion is granted

16  in this regard.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  //

26  /

ORDER ~ 16

**D.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:  Gordon's Motion for Summary Judgment, **ECF No. 37**, which was joined by Asset, **ECF No. 68**, is **DENIED** (count 4: 15 U.S.C. § 1692f (writ of garnishment)) **AND GRANTED IN PART** (counts 1 and 2 are withdrawn; count 3 and all other count 4 claims fail to survive summary judgment; and supplemental jurisdiction over counts 5 and 6 is declined).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 12th   day of December 2011.


_____
S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2010\0428.msj.lc1.wpd

ORDER ~ 17