1

2

3

4

5    UNITED STATES DISTRICT COURT

6    EASTERN DISTRICT OF WASHINGTON

7    TINA COLEMAN,

8                          Plaintiff,

9         v.

10    DANIEL N. GORDON, P.C., and
      ASSET ACCEPTANCE, LLC,

11

12                        Defendants.

NO:  10-CV-0428-TOR

ORDER GRANTING SUMMARY
JUDGMENT

13        BEFORE THE COURT is Defendant Daniel N. Gordon, P.C.'s Second

14    Motion for Summary Judgment (ECF No. 97).  This matter was heard with oral

15    argument on June 20, 2012.  Joseph M. Panvini appeared on behalf of the Plaintiff.

16    Kevin J. Curtis and Collette C. Leland appeared on behalf of Defendants.  The

17    Court has reviewed the motion, the response, and the reply, and is fully informed.

18                              BACKGROUND

19        This is a Fair Debt Collection Practices Act ("FDCPA") case.  The court

20    previously entered summary judgment in favor of Defendants on all but one of

ORDER GRANTING SUMMARY JUDGMENT ~ 1

Plaintiff's FDCPA claims.  ECF No. 87.  Defendant Daniel N. Gordon, P.C.

("Defendant"), now moves for summary judgment on Plaintiff's remaining claim:

that Defendant violated 15 U.S.C. § 1692f by failing to mail Plaintiff a copy of an

application for a writ of garnishment to be issued to Plaintiff's credit union.

FACTS

The court has previously made detailed findings of fact pertaining to

Plaintiff's FDCPA claims.  *See* ECF No. 87.  Those facts are incorporated herein

by reference.  The following are the facts most relevant to the instant motion.

On November 4, 2009, Defendant filed an application for a writ of

garnishment in Snohomish County District Court in an effort to collect on a default

judgment against Plaintiff.  Defendant did not mail a copy of the application to

Defendant.  On November 20, 2009, the district court approved the application and

entered a writ of garnishment against Plaintiff's bank, Washington State

Employees Credit Union ("WSECU").

On February 4, 2010, Defendant mailed copies of the executed writ of

garnishment to Plaintiff and to WSECU via certified mail.  Defendant also mailed

an affidavit of service to the Snohomish County District Court.  This affidavit did

not include a certified mail delivery return demonstrating that the writ had in fact

been mailed to Plaintiff via certified mail.

On February 11, 2010, WSECU informed Defendant that Plaintiff did not have any garnishable assets in her bank account. On February 17, 2010, the package that Defendant had mailed to Plaintiff containing the writ of garnishment was returned to Defendant as undeliverable due to an "insufficient address." Defendant did not take any further steps to notify Plaintiff of the garnishment proceedings.

DISCUSSION

On December 12, 2011, the court ruled that genuine issues of material fact precluded summary judgment on Plaintiff's § 1692f claim. ECF No. 87 at 14-15. Defendant now argues that it is entitled to judgment as a matter of law because its conduct—which complied with Washington garnishment law—could not be construed as "unfair or unconscionable" under the FDCPA. Specifically, Defendant argues that, under Washington law, (1) it was not required to serve a judgment debtor with a copy of an *application* for a writ of garnishment, and (2) it was not required to ensure that Plaintiff received *actual* notice of the pending garnishment proceedings. Given that its garnishment efforts complied with Washington law, Defendant argues, no reasonable jury could conclude that it acted in an "unfair or unconscionable" manner in violation of 15 U.S.C. § 1692f.

A debt collector's failure to comply with state law when collecting a debt may constitute an "unfair or unconscionable" practice under the FDCPA (*see, e.g.*,

15 U.S.C. § 1692f(1) (defining "[t]he collection of any amount . . . unless such amount is . . . permitted by law" as an unfair debt collection practice)).  The question presented in this case is whether the converse is also true (*i.e.*, whether a debt collector's *compliance* with state law may shield it from FDCPA liability). The court concludes that a debt collector's compliance with state law does not *automatically* shield it from FDCPA liability.  Given that the FDCPA was designed "to provide greater protection than state law," *Lensch v. Armada Corp.*, 795 F. Supp.2d 1180, 1186 (W.D. Wash. 2011), allowing a debt collector to assert compliance with state law as a "perfect defense" to an FDCPA claim would not comport with the statute's purpose.

Nevertheless, the court finds that, on the facts of this case, Defendant's substantial compliance with Washington law governing garnishment proceedings (RCW Title 6.27 *et seq*.) would preclude a reasonable jury from finding that Defendant attempted to collect a debt from Plaintiff in an "unfair or unconscionable" manner.  *See* 15 U.S.C. § 1692f.  First, Defendant was not required to provide Plaintiff with advance warning that it had applied for a writ of garnishment.  As Defendant correctly notes, such a requirement would afford a judgment debtor an opportunity to transfer funds out of his or her bank account prior to the issuance of a writ of garnishment.

Second, Defendant was not required to provide Plaintiff with *actual* notice that a writ of garnishment had been issued to her bank.  Rather, pursuant to RCW 6.27.130(1), Defendant was merely required to mail a copy of the writ to Plaintiff via certified mail.[1]  That is precisely what Defendant did in this case.  Although the certified mailing was later returned to Defendant due to an "insufficient address," Defendant was not required to take any further action.  *Mandelas v. Daniel N. Gordon, P.C.*, 785 F. Supp.2d 951, 956 (W.D. Wash. 2011) (granting summary judgment in favor of debt collector despite plaintiff's assertions that he never received a writ of garnishment sent via certified mail where debt collector "mailed notice of the writ of garnishment in accordance with [RCW 6.27.130]").

Finally, the record indicates that Plaintiff did in fact receive actual notice of the garnishment proceedings when she received a copy of WSECU's Answer to the Writ of Garnishment.  Curiously, WSECU used the exact same address to serve

---

[1] RCW 6.27.130(1) provides, in relevant part:

When a writ is issued under a judgment, on or before the date of service of the writ on the garnishee, the judgment creditor shall mail or cause to be mailed to the judgment debtor, by certified mail, addressed to the last known post office address of the judgment debtor, (a) a copy of the writ and a copy of the judgment creditor's affidavit submitted in application for the writ, and (b) if the judgment debtor is an individual, the notice and claim form prescribed in RCW 6.27.140.

ORDER GRANTING SUMMARY JUDGMENT ~ 5

Plaintiff as Defendant previously tried to use.  Defendant, which also received a copy of WSECU's Answer on February 12, 2010, did not make any further attempts to garnish Plaintiff's bank account.  On these facts, the court finds that no reasonable jury could conclude that Defendant's actions were "unfair or unconscionable" in violation of 15 U.S.C. § 1692f.  Accordingly, Defendants are entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Daniel N. Gordon, P.C.'s Second Motion for Summary Judgment (ECF No. 97) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order; enter judgment in favor of Defendants; provide copies to counsel, and **CLOSE** this file.

**DATED** this 22nd day of June, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge